COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES EX REL. CHARLENE FUNCHESS *v.* EDWARD SULLIVAN ET AL. (6975)

SPALLONE, DALY and STOUGHTON, Js.

Argued January 18—decision released April 11, 1989

*J. Roger Shull,* for the appellant (named defendant).

*Linda Pearce Prestley,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* acting attorney general, *Joseph I. Lieberman,* former attorney general, and *David M. Teed,* assistant attorney general, for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the decision of the trial court granting the plaintiff's petition for an order requiring the defendant to answer interrogatories.

On January 17, 1986, pursuant to General Statutes §§ 46a-64 (a) (1) and (2),[1] and 46a-58 (a),[2] Charlene Funchess (complainant) filed a complaint with the plaintiff commission on human rights and opportunities (CHRO) against the defendants, Edward D. Sullivan, Jeff Bella and George Ross.[3] The complaint alleged that

[1] "[General Statutes] Sec. 46a-64. (Formerly Sec. 53-35) DISCRIMINATORY PUBLIC ACCOMMODATIONS PRACTICES PROHIBITED. PENALTY. (a) It shall be a discriminatory practice in violation of this section: (1) To deny any person within the jurisdiction of this state full and equal accommodations in any place of public accommodation, resort or amusement because of race, creed, color, national origin, ancestry, sex, marital status, age, mental retardation or physical disability, including, but not limited to, blindness or deafness of the applicant . . . (2) to discriminate, segregate or separate on account of race, creed, color, national origin, ancestry, sex, marital status, age, mental retardation or physical disability . . . ."

[2] "[General Statutes] Sec. 46a-58. (Formerly Sec. 53-34). DEPRIVATION OF RIGHTS, DESECRATION OF PROPERTY. CROSS BURNING. PENALTY. (a) It shall be a discriminatory practice in violation of this section for any person to subject, or cause to be subjected, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or of the United States, on account of religion, national origin, alienage, color, race, sex, blindness or physicial disability."

[3] The defendants Jeff Bella and George Ross, named as respondents in the CHRO complaint, are not involved in this appeal.

Sullivan, as principal, and his agents Bella and Ross denied the complainant the opportunity to rent an available apartment owned by Sullivan because of the complainant's race.

As part of its investigation, the CHRO, pursuant to General Statutes § 46a-54 (10),[4] mailed a set of interrogatories to the named defendant, the owner of the property, at his residence address and his post office box in Fort Lauderdale, Florida, by certified mail, return receipt requested. The return receipt indicated that the interrogatories were received on November 4, 1986. The due date for answers to the interrogatories was November 28, 1986.

On July 15, 1987, when no answers to the interrogatories were forthcoming, the plaintiff mailed the interrogatories to the defendants' attorney. Having received no response from the defendants' counsel, the plaintiff, pursuant to General Statutes § 46a-88,[5] filed a peti-

[4] "[General Statutes] Sec. 46a-54. (Formerly Sec. 31-125). COMMISSION POWERS. The commission shall have the following powers and duties: . . . "(10) To require written answers to interrogatories under oath relating to any complaint under investigation pursuant to this chapter alleging any discriminatory practice as defined in subdivision (8) of section 46a-51, and to adopt regulations in accordance with the provisions of chapter 54 for the procedure for the issuance of interrogatories and compliance with interrogatory requests . . . ."

[5] "[General Statutes] Sec. 46a-88. ENFORCEMENT OF INTERROGATORIES. (a) Upon failure of any person to answer interrogatories issued pursuant to subsection (10) of section 46a-54, the commission may file a petition with the interrogatories attached with the superior court of the judicial district in which the violation is alleged to have occurred or where such person resides or transacts business, requesting the court to order that an answer be filed.

"(b) The commission shall cause a copy of the petition provided for in subsection (a) of this section to be sent by registered or certified mail to the person from whom such answers are sought or his legal representative.

"(c) The court shall assume jurisdiction over the proceedings provided for in this section and may, after hearing, or in the absence of objection, enter an order which it deems appropriate.

"(d) The proceedings provided for in this section shall conform to the rules of practice of the superior court."

tion in Superior Court for an order requiring the named defendant to answer the interrogatories. On February 13, 1988, in response to the plaintiff's petition, the named defendant filed an answer purporting to respond to the administrative complaint underlying the request for interrogatories. The named defendant also filed a counterclaim alleging, essentially, that the plaintiff was engaging in "a campaign of harassment and intimidation relating to [the] Respondent's business" and seeking damages. Thereafter, the plaintiff filed a motion to dismiss the counterclaim.

On April 4, 1988, the court heard oral argument on the plaintiff's petition for an order compelling answers to interrogatories and on the plaintiff's motion to dismiss the counterclaim. The court marked the motion to dismiss "off" and granted the plaintiff's petition to compel answers to the interrogatories. The named defendant appeals from both of these decisions.

At the outset, we note that we have considered the issue of whether the trial court's order compelling the named defendant to answer interrogatories pursuant to General Statutes § 46a-88 is appealable as a final judgment. We are satisfied that this order is a final judgment from which an appeal is properly taken. See *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office,* 202 Conn. 601, 606, 522 A.2d 781, appeal dismissed, 484 U.S. 805, 108 S. Ct. 51, 98 L. Ed. 2d 15 (1987); see also *Commissioner of Health Services Services* v. *Kadish,* 17 Conn. App. 577, 578 n.1, 544 A.2d 1097 (1989). We therefore review the trial court's action.

General Statutes § 46a-54 (10) expressly grants to the CHRO the power to "require written answers to interrogatories under oath relating to any complaint under investigation pursuant to this chapter alleging any discriminatory practice . . . . " General Statutes

§ 46a-88 permits the CHRO to petition the Superior Court for an order compelling answers to interrogatories propounded pursuant to § 46a-54 (10). In *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office,* supra, our Supreme Court stated, "[s]o long as the interrogatories to be enforced are not plainly irrelevant to any lawful purpose of the CHRO, unduly burdensome, or violative of some privilege or other right of the person to whom they are addressed, the statute requires that they be answered, however doubtful the basis for a violation may appear at this preliminary investigative stage."

We have reviewed the record of the oral argument on the plaintiff's petition for an order compelling answers to interrogatories and find no indication that the trial court abused its discretion in ordering the defendant to answer the interrogatories. It is the appellant's burden to provide us with an adequate appellate record. *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983). The named defendant has failed to demonstrate that the CHRO's interrogatories were plainly irrelevant, unduly burdensome, or violative of some privilege or other right. We therefore conclude that the trial court did not err in granting the plaintiff's petition to compel answers to interrogatories.

The named defendant's second claim is that the trial court erred in refusing to hear his counterclaim. During oral argument on the plaintiff's motion to dismiss the counterclaim, the plaintiff argued that the trial court was without subject matter jurisdiction to hear the counterclaim because the counterclaim was addressed to the merits of a matter which was the subject of an administrative complaint before the CHRO, and the court's jurisdiction was limited to enforcing compliance with requests for discovery pursuant to General Statutes § 46a-88 (a). The trial court subsequently marked the plaintiff's motion to dismiss the

counterclaim "off" on the basis that the counterclaim was "improperly before the court." Because the court's action is the functional equivalent of a dismissal of the counterclaim, we will decide whether the trial court erred in refusing to consider the counterclaim. We find no error.

The parties were before the court for the sole purpose of obtaining a ruling by the court, pursuant to General Statutes § 46a-88, on the CHRO's request for enforcement of the discovery procedure established by § 46a-54 (10). The enforcement action created by General Statutes § 46a-88 is designed to assist the CHRO in compelling compliance with interrogatories propounded by it in the exercise of the express power granted to it by General Statutes § 46a-54 (10). The court's jurisdiction is limited to the determination of issues fairly connected with the enforcement proceeding. See General Statutes § 46a-88 (c). Obviously, the plaintiff's proper invocation of the court's jurisdiction by initiation of the statutorily authorized discovery enforcement proceeding did not thereby entitle the named defendant to a determination of the merits of the administrative complaint properly filed with, and being investigated by, the CHRO. His answer and counterclaim to the administrative complaint represent a petition for a determination in his favor of the merits of the issues presented by the administrative complaint and by the counterclaim. The trial court correctly determined that this "pleading" was not properly before the court.

General Statutes § 46a-84 (f) outlines the procedure by which a respondent against whom the CHRO has ultimately certified a complaint may contest the matter: "The respondent may *file a written answer to the complaint* and appear at the hearing in person or otherwise, with or without counsel, and submit testimony and be fully heard." (Emphasis added.) If the adminis-

trative proceedings reach that stage, the respondent clearly has the option of fully contesting the allegations against him by proceeding in accordance with § 46a-84 (f).

There is no error.

In this opinion the other judges concurred.