HUBERT J. BARNES *v.* CLAIRE M. BARNES
(10461)

PETERS, PARSKEY, SHEA, GRILLO and COVELLO, Js.

Argued April 6—decision released June 21, 1983

*Neal B. Hanlon,* for the appellant (plaintiff).

*Edmond M. Diorio,* for the appellee (defendant).

PER CURIAM. In this appeal from the judgment dissolving the marriage of the parties, the plaintiff asserts an abuse of judicial discretion by the trial court relative to its awards of alimony, property and attorney's fees, and transcript costs to defend the present appeal.

The plaintiff filed this action on March 31, 1980, seeking dissolution of the parties' eleven year marriage on the ground of irretrievable breakdown. On September 19, 1980, a full hearing on the merits was held before the *Hon. Robert A. Wall,* state trial referee, sitting as the trial court. By memorandum of decision filed

October 3, 1980, the court concluded that the marriage of the parties had broken down irretrievably, and entered, inter alia, the following financial orders: (1) lump sum, nonmodifiable alimony was awarded to the defendant in the amount of $6500, payable at the rate of $25 per week; (2) the interest of the plaintiff in the parties' marital residence was awarded to the defendant, subject to a $10,000 noninterest bearing lien in favor of the plaintiff payable only upon the occurrence of certain contingencies.[1]

After the plaintiff filed the present appeal, the defendant filed the following motions: (1) motion for counsel fees and costs on appeal; (2) motion for payment of transcript costs; and (3) motion for the cost of printing a brief. After a hearing on March 9, 1981, the referee ordered the plaintiff to pay the defendant's counsel fees in the amount of $750 and the cost of the defendant's copy of the trial transcript but denied the defendant's requests for legal costs and brief printing charges. From the judgment incorporating the above recited financial orders the plaintiff has appealed.

At trial, both the plaintiff and the defendant testified concerning the causes of the breakdown, their occupations and income, and their respective contributions to the acquisition and preservation of the marital residence. Additionally, each party filed detailed financial affidavits, which the court considered.

---

[1] The lien is payable to the plaintiff only if any of the following contingencies occur: (1) sale of the residence by the defendant; (2) remarriage of the defendant; (3) cohabitation by the defendant with an unrelated male person; (4) death of the defendant. The death of the plaintiff prior to the happening of any one of these four contingencies will render the lien null and void.

Additionally, the trial court awarded custody of the parties' one minor child to the defendant and ordered the plaintiff to pay $75 per week as child support. The plaintiff does not contest the propriety of these awards in this appeal.

The plaintiff, a general contractor, earned $486 per week at the time of the dissolution proceeding. The defendant, a registered nurse, earned $228.08 per week at approximately the same time. The parties offered conflicting testimony about the conduct which each alleged to be the primary cause of the breakdown. While the plaintiff claimed to have contributed 60 percent toward the acquisition, maintenance and improvement of the jointly owned marital residence, the defendant was of the opinion that each of the parties had contributed an equal amount.

The gravamen of the plaintiff's claim concerning the financial orders rendered as part of the dissolution judgment is that the trial court did not consider all of the statutory criteria set forth in §§ 46b-81 and 46b-82 of the General Statutes. We do not agree.

We note, first, that although the plaintiff avers that the trial court abused its discretion by failing properly to consider the relevant statutory criteria, he failed to file a motion for articulation with the trial court. "[W]hen a party seeks a further articulation of the factual basis of the trial court's decision or the inclusion in the memorandum of decision of the trial court's rulings on claims of law properly presented, he should file a motion with the trial court under Practice Book, 1978, § 3082 setting forth the specific factual issues he seeks to have resolved and the claims of law he seeks to have included." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222n, 435 A.2d 24 (1980).[2] The plaintiff contends that under the present posture of this case

---

[2] We note that where a party is dissatisfied with the trial court's response to a motion for articulation, he may, and indeed under appropriate circumstances he must, seek immediate appeal of the rectification memorandum to this court via the motion for review. Practice Book §§ 3082, 3108; see *Carpenter* v. *Carpenter,* 188 Conn. 736, 739n, 453 A.2d 1151 (1982); *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982).

"it is not entirely clear from [the trial court's] decision which of those criteria were considered and what weight was given to them." Even if we assume the validity of this claim, proper utilization of the motion for articulation serves to dispel any such ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. "It remains the appellant's responsibility to secure an adequate appellate record, and under normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied." *Carpenter* v. *Carpenter*, 188 Conn. 736, 739n, 453 A.2d 1151 (1982).

Moreover, our review of the record before us rebuts the plaintiff's contention that the court failed to consider the applicable statutory criteria. "The court is not obligated to make an express finding on each of [the] statutory criteria." *Weiman* v. *Weiman*, 188 Conn. 232, 234, 449 A.2d 151 (1982). "A ritualistic rendition of each and every statutory element would serve no useful purpose." *Carpenter* v. *Carpenter*, supra, 740. The court expressly referred to the relevant statutory provisions. General Statutes §§ 46b-81 and 46b-82. "Our case law is clear that a trial court is free to weigh the relevant statutory criteria without having to detail, in its memorandum of decision, what importance it has assigned to the various statutory factors. What we are left with is the argument, not unfamiliar in matrimonial appeals, that the trial court failed to weigh the criteria equitably and thus arrived at an impermissible award." *Tutalo* v. *Tutalo*, 187 Conn. 249, 251–52, 445 A.2d 598 (1982).

We remain unconvinced that the present case constitutes one of those "exceedingly rare instances . . . in which there has been such a manifest abuse of discretion that we should find error in the trial court's finan-

cial award." *Tutalo* v. *Tutalo,* supra, 252. "It is often the case that the appellant, in arguing abuse of discretion, would in reality have this court vary either the weight placed upon specific statutory criteria or the weight placed upon documentary or testimonial evidence. Such an excursion into the domain of the trier is unacceptable." *Carpenter* v. *Carpenter,* supra, 741–42. We conclude that there was sufficient evidence introduced before the court which, if believed, would support the awards as rendered. That is all that is required. See *Hardisty* v. *Hardisty,* 183 Conn. 253, 256, 439 A.2d 307 (1981).

The plaintiff's final claim alleges error by the trial court in its award of attorney's fees and transcript costs to defend against the present appeal.

"The allowance of counsel fees is within the sound discretion of the trial court provided the court considers the parties' respective financial abilities and the criteria set forth in General Statutes § 46b-82. General Statutes § 46b-62." *Burton* v. *Burton,* 189 Conn. 129, 141–42, 454 A.2d 1282 (1983). Because the trial court did not articulate the basis for its awards, we again note the failure of the plaintiff to request such an articulation.

Although the trial court did not articulate the respective financial abilities of the parties or the criteria delineated within § 46b-82, it is clear from the record before us that the defendant lacked adequate liquid assets to defend against the present appeal. Her financial affidavit revealed net weekly income, including $65 per week of child support, of $249.55, as against total weekly expenses of $452.78. Her savings account totaled $34.66. Under such circumstances, the trial court's award of $750 in attorney's fees was reasonable.

Similarly, we are unable to construe the court's award of transcript costs as improper or excessive. Cf.

*Burton* v. *Burton,* supra, 143. By the present appeal the plaintiff seeks to have this court reverse the orders of the trial court. Under such circumstances, "in order to ensure that justice is done the court may require that he provide [the defendant] with the means for her defense, if she is without such means. The fact that there is no statute providing for an allowance in a divorce action is not decisive." *Krasnow* v. *Krasnow,* 140 Conn. 254, 262, 99 A.2d 104 (1953). As recited above, the record adequately reflects the defendant's inability to pay for such expenses. "Under these circumstances, the appellate award falls within a range which reflects the exercise of the sound discretion of the trial court." *Burton* v. *Burton,* supra.

There is no error.