JULIUS T. KOPER *v.* ROSE MARIE KOPER
(6491)

BORDEN, DALY and O'CONNELL, Js.

*(One judge dissenting)*

Argued October 13, 1988—decision released February 21, 1989

*Samuel H. Teller,* with whom, on the brief, was *Randy Lynn Cohen,* for the appellant (plaintiff).

*Raymond F. Parlato,* with whom, on the brief, were *Jonathan Zorn* and *Deborah Deschamps,* for the appellee (defendant).

O'CONNELL, J. This is an action for the dissolution of a marriage in which the plaintiff appeals, claiming error in the court's periodic alimony award, division of the jointly owned marital home and an order allowing the defendant to retain funds withdrawn from a joint bank account. We find error.

The dissolution decree was rendered on May 7, 1987, at which time the trial court filed a memorandum of decision reciting, inter alia, the financial orders of which the plaintiff complains. All the claims of error are subsumed in a claim requiring a comparison between the memorandum of decision and a subsequently filed articulation of that decision.

In its memorandum of decision, the court expressly found that the breakdown of the marriage was not the sole fault of either party. The pertinent part of the memorandum reads: "The breakdown of the marriage cannot be attributed solely to one (1) party or to the other nor would it serve any purpose to attempt to more precisely determine the extent of responsibility borne by the respective parties." By contrast, the pertinent portion of the articulation that was ordered by this

court reads: "The court finds that the conduct of the plaintiff, in large part, contributed to the marital breakdown."[1]

General Statutes § 46b-81 (c)[2] sets forth the criteria that the court must consider in ordering the division of property. This statute requires the court to consider, inter alia, the cause of the marriage dissolution. General Statutes § 46b-82[3] contains nearly identical criteria for considering an award of alimony. It is well established that in a dissolution action the trial court is accorded wide discretion in allocating property and set-

---

[1] The trial court denied the plaintiff's motion for articulation that was initially a ground of appeal. On March 23, 1988, this court granted the plaintiff's motion for review, pursuant to Practice Book § 4054, and ordered the trial court to articulate the basis of its order pertaining to the transfer of the family home.

[2] General Statutes § 46b-81 (c) provides: "In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

[3] "[General Statutes] Sec. 46b-82. (Formerly Sec. 46-52). ALIMONY. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

ting the amount and type of alimony. *Elliott* v. *Elliott,* 14 Conn. App. 541, 548, 541 A.2d 905 (1988). Although the court must consider each of the statutory criteria, it is clear from the case law that the court need not make an express finding on each. Id., 547. In the present case, the effect of the orders concerning the marital home was to award the defendant 100 percent of the home's value when she had requested only 65 percent. She also was awarded $50 per week alimony when her expenses were less than her income by $100 to $150 per week. The defendant also was allowed to keep $17,500 of joint funds that she had arrogated to herself.[4]

The foregoing orders, although facially more favorable to the defendant, could conceivably be appropriate and within the wide discretion of the trial court. While it is rare that we will interfere with the trial court's discretion in matters of this type; see *Blake* v. *Blake,* 207 Conn. 217, 229, 541 A.2d 1201 (1988); this is one of those rare occasions.

" 'An articulation may be necessary where the trial court fails completely to state any basis for its decision . . . or where the basis, although stated is unclear.' " *Rosenblit* v. *Danaher,* 206 Conn. 125, 148, 537 A.2d 145 (1988), quoting *State* v. *Wilson,* 199 Conn. 417, 434, 513 A.2d 620 (1986). A motion for articulation is the proper procedure to seek elucidation from the trial court of its considered evaluation of statutory criteria. *Barnes* v. *Barnes,* 190 Conn. 491, 493–94, 460 A.2d 1302 (1983).

Accordingly, an articulation was appropriate here because of a perceived inconsistency between the deter-

---

[4] Although this court's order only required articulation of the basis of the property division, in view of the articulation changing the finding of fault, the propriety of the alimony and joint fund orders are also within the scope of this appeal.

mination of fault and the financial orders. The trial court, however, misconceived the purpose of an articulation in that it failed to supply an explanation of its reasoning, an analysis of the parties' assets or a weighing of the statutory criteria. While the trial court is not obligated to make express findings on each of the criteria enumerated in §§ 46b-81 and 46b-82, its memorandum of decision must at least reflect a proper consideration and weighing of the factors set forth in the statute. *Trubowitz* v. *Trubowitz,* 5 Conn. App. 681, 687, 502 A.2d 940 (1985). Rather than furnishing an appropriate clarification, the trial court shifted its position, justifying the defendant-oriented orders by finding that "the conduct of the plaintiff, in large part, contributed to the marital breakdown." The articulation then proceeds to extend its conclusion of fault by the plaintiff into a detailed description of his misconduct, ranging from physical violence through mental cruelty to financial dominance. It is clear that the original memorandum of decision and the articulation are sharply contradictory.

An articulation is not an opportunity for a trial court to substitute a new decision nor to change the reasoning or basis of a prior decision. We are unable to discern whether the original memorandum or the articulation, if either, correctly represents a proper resolution of this case. Moreover, any effort on our part to resolve this conflict would put us in the untenable position of retrying the facts. See *State* v. *Wilson,* supra, 438–39. Under these circumstances the only remedy is a new trial. Id., 434–45.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion BORDEN, J., concurred.

DALY, J., dissenting. I respectfully disagree with the conclusion of the majority that the trial court's memorandum of decision and its articulation are "sharply contradictory." A close reading of the decision and the articulation clearly demonstrates that the court neither changed its decision nor changed the reasoning or basis of its decision.

The majority has found a contradiction between the memorandum of decision and the articulation when, in fact, none exists. In its memorandum of decision, the trial court found that neither party was 100 percent responsible for the breakdown of the marriage and that any further "attempt to more precisely determine the extent" of the parties' responsibility in causing the breakdown would serve no purpose. In its articulation, the court elaborated on some of the underlying causes of the breakdown and found that the plaintiff's conduct contributed greatly to that breakdown. Nowhere in the articulation, however, does the court find that the plaintiff was *solely* responsible for the breakdown. I fail to see any contradiction between these two findings. The trial court's failure to "more precisely determine the extent of responsibility" in the memorandum should not preclude it from elaborating, in the articulation, on some of the underlying facts that led to the marital breakdown.

Our Supreme Court has held that "articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification." *State* v. *Wilson,* 199 Conn. 417, 435, 513 A.2d 620 (1986). In view of the purpose of articulation, the decision and the articulation must be construed together, not separately, and we must read the articulation as a clarification of the decision. When the two are read together, it becomes clear that, contrary to

the majority's view, the trial court did weigh the statutory criteria, did analyze the parties' assets and did explain its reasoning.

In making the financial orders, the trial court was required to consider the statutory criteria set forth in General Statutes §§ 46b-81 and 46b-82. The court is not, however, required to make an express finding on each of the criteria. *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983). " 'Our case law is clear that a trial court is free to weigh the relevant statutory criteria without having to detail . . . what importance it has assigned to the various statutory factors. What we are left with is the argument, not unfamiliar in matrimonial appeals, that the trial court failed to weigh the criteria equitably and thus arrived at an impermissible award.' " Id., quoting *Tutalo* v. *Tutalo,* 187 Conn. 249, 251–52, 445 A.2d 598 (1982). In my view, there was sufficient evidence introduced before the court that, if believed, would support the awards as rendered. That is all that is required. *Barnes* v. *Barnes,* supra, 495.

I would find no error.