HERBERT EMANUELSON *v.* BARBARA EMANUELSON
(9942)

DALY, NORCOTT and LAVERY, Js.

Argued December 6, 1991—decision released February 4, 1992

*Wesley W. Horton,* with whom was *Robert M. Shields, Jr.,* for the appellant (plaintiff).

*Robert J. Engelman,* for the appellee (defendant).

DALY, J. The plaintiff appeals from the trial court's judgment in a marital dissolution action. The plaintiff claims that the trial court abused its discretion in making its financial orders and its order that the plaintiff pay the defendant's counsel fees. We affirm the judgment of the court.

The court found the following facts. The parties were married on July 18, 1953. At the time of trial, the plaintiff was sixty-one years old. He is a private attorney who worked as a solo practitioner specializing in estate planning. The defendant, who was fifty-eight years old at trial, did not work outside the home for most of the marriage. She concentrated on raising the parties' children and supporting the plaintiff's professional career.

The mortgage on the marital residence was paid off by the plaintiff and there were no encumbrances on the property at the time of trial. The value of the jointly owned residence was determined to be $260,000. The plaintiff accumulated $147,550 in pension and profit sharing plan benefits. He also developed a securities account that had a market value of $143,179. The defendant owned securities and cash totaling approximately $273,000 at the date of trial. Most of this money came from gifts and inheritances. While separated from the plaintiff, the defendant began taking care of an elderly person and was paid $160 a week.

In the fall of 1987, the plaintiff hired a new secretary for his office. By August 1988, she became office manager of the plaintiff's law firm. The plaintiff moved out of the marital residence in August, 1988. The plaintiff denied any romantic involvement with his office manager. During the period of his separation from the

defendant, the plaintiff guaranteed a new mortgage on the office manager's home. He also paid for the addition of a new porch onto her home.

Prior to the parties' separation, the plaintiff was a partner in the law firm of Emanuelson and Church. In August of 1989, the plaintiff lost his largest and most lucrative client. That client had accounted for about 50 percent of the gross revenues generated by Emanuelson and Church. The plaintiff was involved in a lawsuit with his former partner over the dissolution of Emanuelson and Church. Margaret Church testified that she felt that the office was making unnecessary payments to the office manager and another secretary who were not really needed because of the firm's small size.

In the present case, the court rendered a judgment dissolving the parties' marriage. The court ordered the plaintiff to pay $4167 a month as periodic alimony. It also awarded the defendant sole ownership and possession of the marital residence. The plaintiff was further ordered to maintain a $225,000 life insurance policy on his life for the benefit of the defendant. The plaintiff also had to provide three years of medical insurance coverage for the defendant. The court required the plaintiff to make a lump sum payment of $25,000 to the defendant within six months from the date of judgment. The plaintiff also was ordered to pay the defendant's counsel fees, which amounted to $7000.

The plaintiff filed a motion for articulation seeking clarification as to what the court determined to be his weekly income and his earning capacity for the calculation of its alimony award. In response, the court further explained the factors that led to its financial awards in this case.

I

The plaintiff first claims that the court's financial awards to the defendant were excessive and constituted an abuse of discretion. The plaintiff argues that these awards indicate that the court failed to consider the factors established by General Statutes §§ 46b-82 and 46b-81.

General Statutes § 46b-81 (c)[1] requires the trial court to evaluate certain factors before distributing the parties' assets in a marital dissolution action. Although the court must evaluate all the factors listed, it has broad discretion when applying the statutory factors to assign the parties' assets. *O'Neill* v. *O'Neill,* 13 Conn. App. 300, 312, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988). " 'Our case law is clear that a trial court is free to weigh the relevant statutory criteria without having to detail . . . what importance it has assigned to the various statutory factors. . . .' " *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983), quoting *Tutalo* v. *Tutalo,* 187 Conn. 249, 251–52, 445 A.2d 598 (1982). Because of a trial court's broad discretion when making financial awards, on review we examine only whether the court properly applied the law and whether its conclusions were reasonably reached. *Rostain* v. *Rostain,* 214 Conn. 713, 716, 573 A.2d 710 (1990). "In deciding whether the trial court could reasonably conclude as it did on the basis

---

[1] General Statutes § 46b-81 (c) provides: "In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

of the evidence before it, every reasonable presumption should be indulged in favor of the correctness of its action." Id. "The conclusions which we might reach, were we sitting as the trial court, are irrelevant." *Carpenter* v. *Carpenter,* 188 Conn. 736, 741, 453 A.2d 1151 (1982).

The statutory factors for determining alimony in § 46b-82[2] are almost identical to the factors used to distribute property in § 46b-81 (c). See *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 583, 362 A.2d 835 (1975). In its memorandum of decision, the court stated that it took into account all the relevant statutory factors for determining financial awards. In response to the plaintiff's motion for articulation, the court clarified the reasons that led to its financial awards. The plaintiff contends that the court's articulation constituted a new and different decision that is impermissible under *Koper* v. *Koper,* 17 Conn. App. 480, 484, 553 A.2d 1162 (1989). In *Koper,* the trial court's memorandum of decision explicitly stated that neither party was responsible for the breakdown of the marriage. Id., 481. The court, in its articulation, then stated that because the plaintiff was responsible for the breakdown of the marriage, the defendant was entitled to generous financial awards. Id., 482. We reversed the *Koper* judgment because the original decision and the articulation were "sharply contradictory"; id., 484; and accordingly the court's articulation was improper.

---

[2] General Statutes § 46b-82 provides in pertinent part: "ALIMONY. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. . . . In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b- 81 . . . ."

In the present case, the articulation did not contradict the court's memorandum of decision. The court's memorandum did not mention any of the specific statutory factors used to fashion the financial awards. The articulation revealed what specific evidence led to the court's distribution of assets and alimony award. There was nothing in the articulation that contradicted the court's memorandum of decision. The articulation was proper because it provided a thorough explanation of the reasoning behind the court's awards.

The court noted that the plaintiff caused the breakdown of the marriage. The plaintiff, a lawyer, also maintained a high earning capacity, unlike the defendant who as a homemaker was unable to develop a high earning capacity. The court further found that "[t]he plaintiff was vague about the financial details of his business and this undermined his credibility." The court also questioned the plaintiff's alleged financial difficulties because during this period he was still maintaining his same lifestyle. The trial court is responsible for assessing witness credibility and is free to reject testimony it does not find credible. *Kelman* v. *McDonald,* 24 Conn. App. 398, 401, 588 A.2d 667 (1991). Our review of the evidence reveals that the property distribution and alimony award were not unreasonable. Thus, the court did not abuse its discretion.

## II

The plaintiff next claims that the trial court's order to pay the defendant $7000 for counsel fees also constituted an abuse of discretion because the defendant's liquid assets were approximately $270,000. The plaintiff argues that the defendant is not entitled to the benefit of an award of counsel fees.

General Statutes § 46b-62[3] vests a court with the power to award counsel fees based on its evaluation

---

[3] General Statutes § 46b-62 provides in pertinent part: "ORDERS FOR PAYMENT OF ATTORNEY'S FEES IN CERTAIN ACTIONS. In any proceeding seek-

of the factors used to determine an alimony award. A party's ability to pay his counsel fees does not prevent a court from awarding counsel fees. *Eslami* v. *Eslami,* 218 Conn. 801, 820, 591 A.2d 411 (1991). The court must examine the total financial resources of both parties and if it concludes "that denying an award of counsel fees would undermine its prior financial orders, then it may award counsel fees to the requesting party." *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 34, 459 A.2d 498 (1983).

The plaintiff points to the defendant's liquid assets, the court's other financial awards and the fact that the defendant has no existing liabilities as evidence that an award of counsel fees is unnecessary. In *Eslami* v. *Eslami,* supra, our Supreme Court upheld an award of counsel fees in the amount of $25,000 as well as an award of expert witness fees in the amount of $23,230. The party receiving these awards had $95,000 in liquid assets and received a $300,000 lump sum alimony award. The wife who received these awards in *Eslami* claimed to have existing liabilities for approximately $70,000. The $25,000 award of counsel fees was upheld based on such factors as the thirty year length of the marriage, the finding that the husband caused the breakdown of the marriage, the husband's earning capacity as a radiologist and the assets of the parties. Id., 819–20.

Many of the factors found in *Eslami* also are present in this case. The plaintiff and defendant were married for thirty-five years before their separation. The plaintiff was responsible for the breakdown of the marriage. There also is a great disparity between the parties' earning capacities. The defendant's age and employ-

ing relief under the provisions of this chapter . . . the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82."

ment history led the court to make the financial awards and counsel fees to enable her to maintain her former lifestyle.

Cases involving the award of counsel fees generally fall into three categories: "(1) those in which an award of counsel fees and expenses is not only justified but the denial of such award would be an abuse of discretion because it would substantially undermine the other awards; (2) the broad spectrum of cases in which the granting or denial of counsel fees is within the court's discretion and therefore will rarely be disturbed and (3) those cases in which . . . the award of counsel fees would constitute an abuse of discretion." *Turgeon* v. *Turgeon,* 190 Conn. 269, 281, 460 A.2d 1260 (1983). The present case fits within the second category. We conclude that the court's award of counsel fees did not constitute an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.