[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on July 8, 1961. There have been three children, issue of the marriage, Cindy now 29, Tammy now 22 and Brett 20. The plaintiff teaches first grade at Beecher Road School in Woodbridge and has been so engaged for fifteen years. The defendant is also a school teacher and teaches math in the North Haven Junior High School. The plaintiff is 55 years of age and in good physical health. She has, however, been treating with a therapist for her emotional well being. The defendant is 56 years of age. In 1983 CT Page 5179 he had a heart mitral valve replacement. Three days after the valve replacement, because of complications, the operation had to be redone. There have been no further complications since. The parties began living together four and one-half years prior to their marriage. The defendant agreed to vacate the family home on or before May 12, 1991 (see agreement in the file dated May 1, 1991).
The marriage of the parties has broken down irretrievably. The plaintiff has recited a long history of problems in the marriage. The defendant was a screamer and, apparently, had a short temper. While there was only one occasion that could have been considered physical abuse approximately sixteen years ago when the defendant grabbed the plaintiff and pressed her cheeks together so she couldn't talk, there were numerous occasions of verbal abuse, loud screaming, face to face confrontations and finger wagging in the face. There were items thrown from time to time including a T.V. tray, boots and a screwdriver. The plaintiff complained that she was constantly being put down, constantly being criticized, dominated and subjugated. The screaming and foul language was directed not only to the plaintiff, but also to her mother and the children. Defendant's behavior eventually caused the plaintiff to seek psychological help as previously noted.
While the children were growing up the plaintiff did the meal preparation, the cooking, the house cleaning, the washing, the marketing the household chores and took the children to all of their numerous activities. Brett was involved with guitar lessons, and little league. While the defendant minimizes this activity on the plaintiff's part, the court considers the plaintiff's testimony in this regard as the more credible and finds that her opportunity for the future acquisition of capitol assets and income has been diminished for that reason.
The defendant has, however, also contributed to the acquisition, preservation and appreciation in value of the parties' respective estates. He has worked three jobs. During all of the period of the marriage he has taught, worked after hours and, during the summers, has worked for the Orange Recreation Department. His after hours work, until two years ago, was at Sears in the T.V. department which included work on Saturdays.
The plaintiff seeks 60% of the total assets of the parties. The defendant seeks an equal division of the parties' assets but includes in the asset distribution his claimed unequal division of the tangible personal property and an item of $40,000. for jewelry upon which there has been no evidence of such a valuation. In addition the parties disagree on some basic valuations. CT Page 5180
The pensions valuations are set forth in plaintiff's exhibits A and B and defendant's exhibits 1 and 2. The defendant claims valuations as set forth in exhibits A and 1, the amount each party would be entitled to if she or he terminated employment today. The plaintiff, however claims the valuations set forth in exhibits B and 2, the present amount to purchase an annuity to furnish the pension each party will receive as computed by the Pension Service Inc. The court has chosen the prior valuations for purposes of division of the parties' assets pursuant to 46b-81 of the General Statutes.
The parties disagree on the valuation of the marital residence. Mr. Philip Ball appraised the property at $200,000. (See plaintiff's exhibit Y). Mr. William Esposito appraised the property at $217,000. (See defendant's exhibit 4). The outstanding first and second mortgages amount to $95,000. The court finds a value of $200,000. and a net equity of $105,000.
In dividing the assets of the parties the court has considered that each of the parties has contributed to the acquisition, preservation and appreciation in value of the properties, has considered that the Traveler's account in the amount of $21,159. is the plaintiff's mother's and that the plaintiff will be responsible for the indebtedness to her mother. Since both parties are employed and earning sums sufficient to be self supporting the court is not ordering periodic alimony to either party. With the property valuations such as they are it is impossible to divide the assets of the parties equally. The result is a division that the court considers fair and equitable under all the circumstances.
In the recent case of Blake v. Blake, 207 Conn. 217 at 230 (1988), our Supreme Court cited with approval the language of O'Neill v. O'Neill, 13 Conn. App. 300, 311 (1988), in which the Appellate Court states as follows:
 "A property division ought to accord value to those nonmonetary contributions of one spouse which enable the other spouse to devote substantial effort to paid employment which, in turn, enables the family to acquire tangible marital assets. The investment of human capital in homemaking has worth and should be evaluated in a property division incident to a dissolution of marriage. We hold, accordingly, that an equitable distribution of property should take into consideration the plaintiff's contributions to the marriage, including homemaking CT Page 5181 activities and primary caretaking responsibilities."
The foregoing is a consideration in this case. Also to be considered with respect to alimony, support and a division of property is the following:
 "To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted). Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisition of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both equal and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530 (1980)."
The court has considered all of the criteria of 46b-81, and46b-82 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr,183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234
(1982). Suffice to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding. Leo v. Leo, 197 Conn. 1, 5
(1985) and that the court need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307, 313-14 (1991).
As has been said by the Appellate Court in the recent case of Emanuelson v. Emanuelson, 26 Conn. App. 527, 530, 531 (1992): CT Page 5182
 "General Statutes 146b-81(c) requires the trial court to evaluate certain factors before distributing the parties' assets in a marital dissolution action. Although the court must evaluate all the factors listed, it has broad discretion when applying the statutory factors to assign the parties' assets. O'Neill v. O'Neill, 13 Conn. App. 300, 312, 536 A.2d 978, Cert. denied 207 Conn. 806, 540 A.2d 374 (1988) . . . . The statutory factors for determining alimony in 46b-82 are almost identical to the factors used to distribute property in 46b-81 (c)."
The court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. There has been an irretrievable breakdown of the marriage.
4. The defendant is at fault for the breakdown of the marriage.
The court enters the following orders.
1. The marriage of the parties shall be dissolved on the grounds of irretrievable breakdown of the marriage.
2. There shall be no alimony to either of the parties.
3. The defendant shall quit claim all of his right, title and interest in and to the real property at 291 Hunting Hill Road in Orange, Connecticut to the plaintiff. The plaintiff shall be responsible for the first and second mortgages, the real property taxes and home owners insurance and shall indemnify and hold harmless the defendant from any claims or demands thereon. The plaintiff shall assume the $30,000. debt incurred to her mother for the addition to the house.
4. The parties shall divide equally the shares of stock of First Constitution Bank.
5. The 1989 Honda automobile shall be the plaintiff's free of any claim or demand by the defendant. The 1985 BMW shall be the defendant's free of any claim or demand by the plaintiff. CT Page 5183
6. The parties shall divide their tangible personal property as they have agreed in plaintiff's exhibit C and each party shall own the property set out in that agreement for her or him free of any claim or demand by the other party. The defendant's gold coins and Sinatra record collection shall be his.
7. The plaintiff's pension, credit union account, IRA's and other property listed in her financial affidavit shall be hers free of any claim or demand by the defendant.
8. The defendant's pension, credit union account, IRA's, Copeland Fund and other property listed in his financial affidavit shall be his free of any claim or demand by the plaintiff.
9. The defendant shall pay forthwith the back pendente lite order of 53% of the 1st and 2nd mortgages for April and May amounting to $1155.54.
10. The defendant's claim for counsel fees with regard to the motion in limine is denied.
11. Each party shall be responsible for the liabilities set forth in her or his financial affidavits and shall indemnify and hold harmless the other party from any claim or demand thereon.
12. Each party shall pay her or his own attorney's fees.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, JUDGE