[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on April 28, 1990 in Trumbull, Connecticut. There are no children issue of the marriage. Both of the parties are twenty-five (25) years of age and both are in good health. They separated the second week of March of this year. Each of the parties is now living at home with her or his parents. Both parties are employed. The plaintiff is a commercial accounts manager at Pierson Smith in Stamford, and the defendant is a construction worker with Mark IV Construction Company of which his father is one of the principal stockholders. Neither party seeks alimony from the other.
The parties own jointly two pieces of real property: 20 Huntington Heights, Shelton, Connecticut, a three bedroom condominium, and 46 Anton Drive, Bridgeport, a three bedroom house built by the Mark IV Construction Company. The condominium was purchased on March 10, 1990, six weeks before the parties' marriage, for $150,000.00. The lot was purchased for $50,000.00 with a mortgage for $45,000.00 to Mark IV Pension Fund and a construction mortgage for $45,000.00 to Mark IV Pension Fund. The house was completed in February of this year and the parties moved in on February 1.
When the parties married, they had a big wedding. They received cash gifts of $30,000.00 and china. The cash gifts paid for their honeymoon and furniture. When the condominium was purchased, the parties made a $35,000.00 down payment ($17,000.00 from the plaintiff and $18,000.00 from the defendant). They obtained a $71,000.00 mortgage from Citytrust. The balance was money from the defendant's father ($44,000.00) who testified in this proceeding that he intended this to be a gift. The price of $150,000.00 was $10,000.00 less than the going price for the condominium at that time. The plaintiff claims she sold her 1988 Mazda for $10,000.00 and put that money into the condominium.
The Anton Drive property involved a total investment of $152,000.00. Of this amount, $90,000.00 is owed on mortgages to the Mark IV Pension Plan, the parties invested $5,000.00, and the defendant's father has advanced $57,000.00 (see defendant's exhibit 3). The sums advanced by the defendant's father is not a gift and he does expect reimbursement.
The condominium is presently rented for $1,000.00 per CT Page 9757 month. This amount covers the carrying costs, so long as there is no special assessment. The carrying costs consist of the mortgage payment, taxes, condominium charges and water. The aforementioned expenses total $855.00 monthly. The Anton Drive property has just very recently been rented, so recently that the rental has not yet been determined. The mortgage to Mark IV Pension Fund is in arrears three or four months.
The plaintiff seeks the condominium and is willing to convey her interest in the house to the defendant, seeks the return of her jewelry which is in the defendant's possession and half of the household furnishings. The defendant seeks his half of the condominium, has no objection to the return of the plaintiff's jewelry, wishes to convey the Anton Drive property back to his father and is willing that the plaintiff have her choice of the furniture.
The defendant admits that he was at fault for the breakdown of the marriage. There is no question but that the plaintiff did all she could to preserve the marriage. Further discussion regarding fault is unnecessary.
With regard to the division of property in this case, the law to be considered regarding the distribution of property has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970), `This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight CT Page 9758 to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530
(1980); Watson v. Watson, 221 Conn. 698, 710
(1992).
As has been said by the Appellate Court in the recent case of Emanuelson v. Emanuelson, 26 Conn. App. 527, 530, 531
(1992):
 "General Statutes 46b-81(c) requires the trial court to evaluate certain factors before distributing the parties' assets in a marital dissolution action. Although the court must evaluate all the factors listed, it has broad discretion when applying the statutory factors to assign the parties' assets. O'Neill v. O'Neill, 13 Conn. App. 300, 312, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988). . . .
 The statutory factors for determining alimony in 46b-82 are almost identical to the factors used to distribute property in 46b-81(c)."
The court has considered all of the criteria of46b-81 and 46b-82 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234 (1982).
Suffice to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5
(1985), and that the court need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307, 313-14 (1991). CT Page 9759
The court has considered the factors of 46b-81 and46b-82 of the General Statutes, the case law and all of the evidence. The court has considered also the factors of 46b-82
as they relate to 84b-62 of the General Statutes. The court enters the following orders.
1. A decree of dissolution of the parties' marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. The defendant shall return the plaintiff's jewelry to her consisting of a diamond engagement ring, a tennis bracelet and a diamond heart necklace and any other jewelry belonging to the plaintiff that he may have in his possession.
3. The plaintiff shall have so much of the parties' furniture which is in storage at the defendant's parents' home as she may choose. Since it is presently in storage in the basement of the home of Mr. and Mrs. Manuel Moutinho, it may be removed by the plaintiff at such time as she chooses, however, not to exceed a period of one year from the date hereof.
4. The property at 20 Huntington Heights in Shelton shall be owned by the parties as tenants in common. For such period of time as the parties choose, the plaintiff shall continue to collect the rent and pay the mortgage, taxes, monthly condominium charge and the water. Any money realized monthly in excess of the foregoing expenses shall be the plaintiff's. Any special assessments or other expenses that may occur shall be divided equally between the parties. At such time as the parties choose, the condominium shall be placed upon the market for sale at a price agreed upon between them. If there is any dispute between the parties with respect to the terms and conditions of sale, this court retains jurisdiction to resolve such disputes or differences. Upon the sale of the property, the first $27,000.00 of proceeds shall go to the plaintiff, $18,000.00 shall then go to the defendant and the balance of the proceeds after payment of the brokerage commission, if any, the balance of the mortgage, customary closing expenses and reasonable attorney's fees, shall be divided half to each of the parties. CT Page 9760
5. The court assigns, pursuant to the provisions of 46b-81(a) of the General Statutes, the plaintiff's interest in the property at 46 Anton Drive, Bridgeport, to the defendant. The defendant shall be wholly responsible for and indemnify and hold harmless the plaintiff on the mortgage note to Mark IV Construction Company Pension Plan.
6. There shall be no alimony to either party.
7. The assets set forth in each of the parties' financial affidavits shall be the property of the reporting party free of any claim or demand of the other party.
8. Except as noted herein, each party shall be responsible for his or her own liabilities and shall indemnify and hold harmless the other party from any claim or demand thereon.
9. The defendant shall pay to the plaintiff $2,500.00 as a contribution toward her counsel fees to be paid within sixty (60) days of the date hereof.
10. The plaintiff shall have restored to her her maiden name of Dina Moreno.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE