[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on November 21, 1987 in Fairfield, Connecticut but had lived together since 1979. They have a son, Dennis, born August 11, 1981, who is now 13 years of age. They also have twin daughters, Danielle and Doreen, born September 18, 1988, who are now five years old. The parties purchased a home in Fairfield jointly in 1986 and have lived there to the present time.
The marriage began to deteriorate in 1989 after the husband purchased Ruby's I, a bar business on East Main Street in Bridgeport. The wife began working as a waitress at this bar in 1990. During this time, the husband struck the wife in the face in front of customers on a number of occasions and threatened to kill her. The wife would forgive him and life would go on. However, between January and June, 1993, there was constant fighting in front of the children. The husband would strike the CT Page 6097 wife and even spit in her face. In June, 1993, the wife obtained a restraining order against the husband (Bassick, J.) and commenced these proceedings against him. At that time, the husband also admitted to her of having had a four year old child that he was supporting.
The evidence of the husband's violent temper and abusive behavior towards the wife was clear and convincing; therefore the court enters an order dissolving the marriage on the ground of irretrievable breakdown. The physical and emotional abuse by the husband towards the wife were the primary causes of the marital breakdown, and the court finds the husband at fault.
The parties have agreed to joint legal custody of the three children with physical residence with the wife. They also agreed that the husband shall have reasonable visitation privileges upon giving the wife forty-eight (48) hours notice.
The husband's earnings were a major contention at trial. At present, he is 99 percent owner of two bar businesses in Bridgeport known as Ruby's I and Ruby's II. The wife has a one percent interest in these businesses and is carried as an officer but she has no control over them.
The court finds that the husband exercises total control of these two businesses. The wife is an officer and one percent stockholder in name only. The husband also hired and fired the dancing girls at Ruby's I and Ruby's II and controls the funds earned and the expenses that are paid.
The husband testified that Ruby's I was"doing great." During the first three months of 1994, the average receipts were $42,000 a month, mostly in cash that was available to him. He also testified to receiving payments of about $65,000 over the past six months from equipment he sold. This information was not listed on his financial affidavit. He lived a high lifestyle, having spent three months in Florida this past winter. In March of 1994, he purchased a 1994 Ford for $26,914.
The husband drew a weekly net salary of $826.66 with expenses listed at $2506.09 a week on his financial affidavit. The parties lived together in the Fairfield home until the time of trial. The husband continued to pay the mortgage and home equity loan on the home of about $2,200 a month, health insurance of $403, American Express charges of about $1,400 a month, a lease CT Page 6098 and insurance for about $536 a month for a Nissan as well as a lease of about $350 on his 1994 Ford. The court finds that these expenses were, in large part, all paid from the funds he received from the two bar businesses.
The court finds that the husband's net disposable income exceeds $2,000 a week; therefore, the child support guidelines do not apply. The court's award of child support is to be based on the statutory criteria of § 46b-56 (c) of the General Statutes relative primarily to the financial ability of the parties and the age and needs of each child. Battersby v. Battersby, 218 Conn. 467,473 (1991). The statute provides that the court shall take into consideration all of the factors in § 46b-84, which include the earning capacity of each of the parents. Here, Dennis is thirteen and the twins, Danielle and Doreen, are now five years old. They are in their formative years and have many needs. Based on these findings, the following child support orders may enter:
1. CHILD SUPPORT:
 The husband shall pay child support of $200 per week per child for a total of $600 a week beginning Friday, June 17, 1994 and continuing each Friday thereafter until each child reaches majority.
The husband's arguments for an immediate sale of the marital home were unpersuasive. The court finds that the children should remain in the marital home until the oldest child Dennis reaches eighteen years of age. The children need the stability and structure over the next five years that this home will provide them.
2. SALE OF THE JOINTLY OWNED MARITAL HOME IN FAIRFIELD
 This real estate shall be listed for sale on August 11, 1999. The wife shall have exclusive possession of the home until it is sold and shall be responsible for the payment of the mortgage, the home equity loan, taxes, insurance and general maintenance. Any major repairs or renovations necessary for the sale of the property shall be agreed to by the parties and paid for equally (fifty percent each).
 The parties shall cooperate on establishing a listing price and selecting a real estate broker. The net proceeds from CT Page 6099 the sale to a third party shall be divided equally (fifty percent each). The net proceeds shall be the gross sales price less the mortgages and other liens on the property, real estate commissions, attorney's fee, conveyance taxes and other normal closing costs.
 The court reserves jurisdiction, on any issue involving this real estate that the parties are unable to resolve.
The court finds that the husband is 46 years old and the wife is 36 years of age. The husband is operating two bar businesses at this time. Ruby's I has a cabaret tax lien of $457,936. The husband testified that the state would have it closed down in two to four months, at which time he would move to Ruby's II. In either event, the husband would continue his bar business. The wife is currently a student at Housatonic Community College, studying to become a surgical nurse. She has about two and a half years remaining to obtain a degree. Having considered the fact that the twins will be ten years old in five years, the court finds that the wife should be able to support herself within that time frame.
The court has considered all the criteria in § 46b-82, the alimony statute, and all the testimony and evidence presented as well as the financial affidavits and claims for relief and enters the following order as to alimony.
3. ALIMONY:
 The husband shall pay the wife periodic alimony of $600 per week for five years or until the death of either party, remarriage of the wife or her statutory cohabitation.
4. ATTORNEY'S FEES:
 The husband shall contribute the sum of $10,000 of the wife's $12,651.12 attorney's fees within ninety (90) days from the date of this order. This award does not undermine the other financial orders made in this judgment. Emanuelson v. Emanuelson, 26 Conn. App. 527, 532-534 (1992).
5. LIFE INSURANCE:
 The husband shall maintain life insurance in the amount of $100,000 with the three minor children named as irrevocable CT Page 6100 beneficiaries and another policy for $100,000 naming the wife as irrevocable beneficiary for as long as he is obligated to pay child support or alimony. Proof of insurance shall be furnished to the wife.
6. MEDICAL INSURANCE:
 The husband shall provide medical and dental insurance for the three minor children for as long as he is obligated to pay child support. Any unreimbursed medical or dental insurance shall be shared equally by the parties.
7. AUTOMOBILE:
 The wife shall be entitled to the use of the leased 1994 Nissan AL and the husband shall continue to make the monthly payments for the duration of the two year lease. The wife will transfer title to the 1985 Ford Tempo to the husband.
8. CHARGE ACCOUNTS:
 The husband shall pay one half of the balances due on the Discover card debt of $3,277.16 and the First Card debt of $4,060.92 as shown on his financial affidavit. He shall also pay all the other debts listed on his financial affidavit.
9. BUSINESS INTEREST:
 The wife shall waive claim to any interest in the businesses known as Ruby's I and Ruby's II and return the one percent stock interest to the husband and resign as an officer. The husband shall hold the wife harmless on any tax liability owed to the Internal Revenue Service or the State of Connecticut.
10. PERSONAL PROPERTY:
 The wife shall be entitled to all the furniture and other personal property presently in the marital home.
Judgment shall enter in accordance with the foregoing orders.
ROMEO G. PETRONI, JUDGE CT Page 6101