[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A decree of dissolution of the parties' marriage was entered on August 31, 1994. At that time the court found that it did have jurisdiction, that the allegations of the complaint had been proved and were true and that the marriage of the parties had broken down irretrievably. The court also ordered that the defendant shall have her maiden name of Kimberly Ann Simimi restored.
The parties were married on November 22, 1991. They separated the end of August 1993. This is the first marriage for each of the parties. Each of the parties are thirty years of age and in good health. Plaintiff has attended two years of college, has worked CT Page 8883 most of his life in the family truck stop business except for three years in New York City as a financial adviser. He is presently employed in a truck stop business in Baltimore in which he is a 50% owner and in the family truck stop in New Haven. He earns a gross weekly pay of $1500. from each business, with a net weekly pay of $1727 from both businesses. The defendant is a registered nurse in St. Raphael's Hospital in the Cardiac Care Unit. She earns a gross pay of $760. per week and a net pay of $492. per week.
There are no children issue of the marriage. The parties are at issue over periodic alimony and a property division. With respect to property, defendant seeks the diamond watch given to her for her birthday in August 1993 or its value and one half of the Fidelity Investment Account in the joint names of the parties. On September 1, 1993 this account was valued at $5333. At the time the account was closed on November 22, 1993 it had a value of $5314. The court shall use a value of $5314 in its determination on this matter. The defendant also seeks the amount she owes for her 1992 income taxes on the reasoning that the plaintiff advised her they would be filing a joint income tax return that year and he would pay whatever additional tax that might be owed on account of her income. No 1992 tax return was filed. The balance owed by the defendant on her 1992 income tax is $6402. There are, in addition, further penalties and charges as follows: penalty for underpayment of estimated tax $181, late payment penalty of $375., late payment interest of $447 and late filing penalty of $992. Her state income tax return requires a payment of $60, a late payment penalty of $5. and late interest of $10. The court finds that it is fair and equitable for the plaintiff to pay to the defendant the sum of $6643 for her 1992 taxes and penalty for underpayment of estimated tax as if the taxes had been paid as required in April 1993.
The marriage has broken down irretrievably. The court does not find any greater fault in one party over the other. Indeed the plaintiff professes continued love for the defendant.
In determining the proper orders in this case the court must consider the factors set forth in §§ 46b-81 and 46b-82 of the General Statutes. The law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes § 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This CT Page 8884 court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530 (1980); Watson v. Watson, 221 Conn. 698, 710 (1992).
As has been said by the Appellate Court in the recent case ofEmanuelson v. Emanuelson, 26 Conn. App. 527, 530, 531 (1992):
 "General Statutes § 46b-81(c) requires the trial court to evaluate certain factors before distributing the parties' assets in a marital dissolution action. Although the court must evaluate all the factors listed, it has broad discretion when applying the statutory factors to assign the parties' assets. O'Neill v. O'Neill, 13 Conn. App. 300, 312, 536 A.2d 978, cert. denied 207 Conn. 806, 540 A.2d 374
(1988) . . . .
 The statutory factors for determining alimony in § 46-b-82 are almost identical to the factors used to distribute property in § 46b-81(c)."
The court has considered all of the criteria of §§ 46b-81, 46b-82
and 46b-62 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account." Scherr v.CT Page 8885Scherr, 183 Conn. 366, 368 (1981) this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232,234 (1982). Suffice to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding. Leo v. Leo, 197 Conn. 1, 5
(1985) and that the court need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307, 313-14 (1991).
The court, in addition to the previous orders entered in this matter, enters the following orders:
1. The plaintiff shall assign and transfer all of his right, title and interest in and to the 1993 Jeep Wrangler to the defendant. The defendant shall be wholly responsible for the outstanding indebtedness on that automobile and shall indemnify and hold harmless the plaintiff from any claim or demand thereon.
2. The plaintiff shall indemnify and hold harmless the defendant from any claim or demand upon the lease for the Infinity automobile.
3. The plaintiff shall pay to the defendant the sum of Two Thousand Six Hundred and Fifty ($2650.00) Dollars to compensate her for her investment on the Fidelity Investment account at the time of its withdrawal in November 1993, the sum to be paid within thirty (30) days of the date hereof.
4. The plaintiff shall pay to the defendant the sum of Six Thousand Six Hundred and Fifty ($6650.00) Dollars as a contribution toward her income tax obligation for the year 1992, the same to be paid within thirty (30) days of the date hereof.
5. The plaintiff shall deliver to the defendant a diamond watch like the one presented to her as a birthday present, in 1993 or its equivalent, or the sum of Thirty Five Hundred ($3500.00) Dollars within thirty (30) days of the date hereof.
6. The plaintiff shall pay the sum of Twenty-Five Hundred ($2500.00) Dollars as a contribution toward her counsel fees within thirty (30) days of the date hereof.
7. The plaintiff shall pay to the defendant the sum of One Hundred ($100.00) Dollars per week as alimony for the period of one CT Page 8886 year commencing September 16, 1994 and terminable upon the earliest to occur of the following events: the death of either of the parties, the defendant's remarriage, or the defendant's residence with another person in accordance with the provisions of § 40b-86(b) of the General Statutes.
8. Except as herein set forth the plaintiff shall retain the assets listed in his financial affidavit free of any claim or demand by the defendant.
9. Except as herein set forth the defendant shall retain the assets listed in her financial affidavit together with her 401(k) plan free of any claim or demand by the plaintiff.
10. Except as herein set forth each party shall be responsible for the liabilities listed on her or his financial affidavit and shall indemnify and hold harmless the other party from any claim or demand thereon.
Edgar W. Bassick, III, Judge