[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION FOR CLARIFICATION OF MEMORANDUM OF DECISION DATED MARCH 9, 2000
The defendant on April 6, 2000 filed a Motion for Clarification of Memorandum of Decision dated March 9, 2000, in which motion the defendant recited in part the chronology of these proceedings and accompanying the defendant's Motion for Clarification was a transcript of a portion of the proceedings that were presented to the court on November 16, 1999.
The issue has to do with a certain bank account in the amount allegedly of $3,500.00, which the court treated along with a variety of other issues in its Memorandum of Decision.
In order to put the matter in proper prospective, the court recites the chronology of these proceedings in endeavoring to act upon the defendant's pending motion of April 6, 2000.
This matter was the subject of a lengthy hearing conducted by the court on November 12, 1999 and November 16, 1999.
After hearing the parties, reviewing all of the exhibits and matters of like nature, the court subsequently issued a 31-page Memorandum of CT Page 6281 Decision dated November 30, 1999.
Subsequent to filing the Memorandum of Decision dated November 30, 1999, which memorandum was actually filed on December 1, 1999, the plaintiff filed a Motion for Clarification on February 22, 2000 asking the court to clarify the judgment with regards to the order dealing with the joint Eastern Savings and Loan Association account.
In its November 30, 1999 Memorandum of Decision, on page 30 thereof, the court set forth the following sentence: "The plaintiff may retain the Savings Institute account of $1,100.00 and the Eastern Savings Account of $3,500.00."
In the plaintiff's Motion for Clarification dated February 17, 2000 and filed February 22, 2000, the plaintiff represents in part, "Item 3: The plaintiff has since the date of judgment not received the $3,500.00 from the joint Eastern Savings and Loan account." Sentence 4, "the plaintiff has obtained notification that such account was in fact closed on May 7, 1999."
Subsequent to the February 22, 2000 Motion for Clarification, the court issued a Memorandum of Decision on the plaintiff's Motion for Clarification dated February 17, 2000, which Memorandum of Decision was dated March 9, 2000 and filed March 10, 2000. That March 9, 2000 memorandum referred to the financial affidavits of the parties; in particular, the plaintiff's financial affidavit dated November 12, 1999, which reflected the following, "Eastern Savings-Savings JT $3,500.00."
The defendant's financial affidavit dated November 12, 1999 reflected as to that subject account, "Eastern Savings and Loan Association(s) checking, $50.00."
In its March 9, 2000 memorandum, the court noted, "It now appears that the balance in the subject account was actually zero." In part, that memorandum also made the following statement, "The court intended that the plaintiff have the sum as represented in his financial affidavit, $3, 500.00," and it went on to say, "if in fact as appears the account has a zero balance, the plaintiff shall then be entitled to a credit for this amount relative to other orders of the court."
As noted in the defendant's Motion for Clarification dated April 6, 2000, attached to which was a portion allegedly of the transcript, and mindful of the subsequent filing of the transcript incident to the hearing conducted on that motion, it would appear that the court's notes or recollection with regard to this particular issue may have been somewhat inaccurate. CT Page 6282
The court however relied upon the financial affidavits of the parties as well as the exhibits, the testimony and matters of like nature. Manifestly, the transcript provided by the court reporter controls.
On May 12, 2000 the plaintiff filed An Objection to Defendant's Motion for Clarification in which objection the plaintiff claimed that the defendant's requests for clarification was not in fact seeking a clarification, but rather a request seeking that the court open its previous judgment and reverse its decision, in referring to Koper vs.Koper, 17 Conn. App. 480, 484, 553 A.2d 1162 (1989).
On May 16, 2000 the defendant filed a Response to Plaintiff's Objection to Defendant's Motion for Clarification dated April 6, 2000.
The court heard from counsel on both sides on May 12, 2000 and the court has read Koper vs. Koper and from that decision the court sets forth the following:
 "`An articulation may be necessary where the trial court fails completely to state any basis for its decision . . . or where the basis, although stated is unclear.' Rosenblit v. Danaher, 206 Conn. 125, 148, 537 A.2d 145 (1988), quoting State v. Wilson, 199 Conn. 417, 434, 513 A.2d 620 (1986). A motion for articulation is the proper procedure to seek elucidation from the trial court of its considered evaluation of statutory criteria. Barnes v. Barnes, 190 Conn. 491, 493-94, 460 A.2d 1302 (1983) . . . The trial court, however, misconceived the purpose of an articulation in that it failed to supply an explanation of its reasoning, an analysis of the parties' assets or a weighing of the statutory criteria . . . Rather than furnishing an appropriate clarification, the trial court shifted its position, justifying the defendant-oriented orders by finding that "the conduct of the plaintiff, in large part, contributed to the marital breakdown.' . . . It is clear that the original memorandum of decision and the articulation are sharply contradictory.' . . . Our Supreme Court has held that "articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification.' State v. Wilson, 199 Conn. 417, 435, 513 A.2d 620 (1986)."
CT Page 6283 As indicated to counsel at the hearing on May 12, 2000, the court relied upon, among other things, the financial affidavits presented to the court at the time of trial, which were financial affidavits that were sworn to as to the truth of the content thereof.
On the plaintiff's financial affidavit, it appears that affidavit being dated November 12, 1999 that the subject account was described as $3,500.00.
On the defendant's financial affidavit dated November 12, 1999 the subject account was described as $50.00. The court acknowledges that the transcript provided by defendant's counsel does treat the claims of the defendant with regard to what happened to the funds; to wit, payment of a dentist bill and payment on a trip that had been planned to Hawaii. Defendant's counsel indicates that in fact the account was zero but of course that is at variance with even the modest amount shown by the defendant as $50.00. It is true that the plaintiff in his Motion for Clarification adverted to the fact that the subject account had been closed on May 7, 2000 but it is a matter of conjecture, or at least presently unknown to the court, as to when that information was received and whether it was known at the time of trial.
The defendant's present position is to the effect that not even the $50.00 should be acknowledged but that the account in fact has a zero balance and that therefore there is nothing which the plaintiff can retain.
The plaintiff's counsel during argument on May 12, 2000 adverted to an issue as to truthfulness but that is not presently before the court.
As indicated, the court acknowledges that the transcript controls with regard to testimony relevant to this account and to the extent that the court's recollection or the court's notes were not precise or clear enough on that point, the transcript of course controls.
The court is endeavoring to comply with the requests of counsel and clarify any ambiguity or confusion that may exist with regard to the subject account. The court is not in any way rewriting its Memorandum of Decision.
If on the basis of what was made known to the court in the sworn financial affidavits of the parties, in fact there was a zero balance in the account, then of course the plaintiff can retain nothing.
The plaintiff's objection to the current Motion for Clarification of the defendant is overruled. CT Page 6284
By virtue of this memorandum, the court trusts that the matter is now resolved.
There being no funds for the plaintiff to retain, he therefore retains zero with regard to this account.
All other terms and conditions of the lengthy Memorandum of Decision should be complied with forthwith.
Austin, J.