[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE. ARTICULATION
The plaintiff in the above entitled action has moved for an articulation of the court's judgment dated October 19, 2001. In the judgment, the court concluded that the defendant had an earning capacity of at least $100,000.00 annually. The court based child support orders on CT Page 17288 that earning capacity. In addition, the court set alimony at the greater of $100.00 per week or twenty percent of the defendant's net earnings. In other words, the court used earning capacity as the basis for child support orders, and actual earnings as the basis for alimony, providing for the latter a minimum that the defendant should pay if he were not working to his full earning capacity.
The court may base financial orders on earning capacity rather than actual earnings. Miller v. Miller, 181 Conn. 610, 611-12 (1980). It is not required to do so. In this case, the court determined that it was appropriate under all of the circumstances to base child support on the defendant's earning capacity, but also determined that alimony was not to be based on that earning capacity. In making these orders, the court took into consideration the length of time for which alimony was ordered and the limitations it placed on its modifiability. The court also took into account the statutory criteria set forth in Section 46b-82 of the General Statutes and the mosaic of the financial orders.
The court does not change its decision. "An articulation is not an opportunity for a trial court to substitute a new decision nor to change the reasoning or basis of a prior decision." Koper v. Koper,17 Conn. App. 480, 484 (1989).
BY THE COURT,
GRUENDEL, J.