### JACQUES ROSTAIN *v.* HANA ROSTAIN (13697)

HEALEY, SHEA, CALLAHAN, GLASS and HULL, Js.

Argued November 9, 1989—decision released April 20, 1990

*Robert M. Wechsler,* with whom, on the brief, was *Michael Jon Barbarula,* for the appellant (defendant).

*Michael A. Meyers,* with whom, on the brief, was *Patricia C. Reath,* for the appellee (plaintiff).

ARTHUR H. HEALEY, J. This is an appeal from certain orders concerning the judgment by the trial court dissolving the marriage of the parties. We heard argument on this appeal on November 9, 1989,[1] after which we remanded the case to the trial court for further proceedings. *Rostain* v. *Rostain,* 213 Conn. 686, 569 A.2d 1126 (1990). In doing so, we directed the trial court to articulate further the factual basis of certain conclusions it had reached, as we fully set out in that opinion.[2] Id., 695. On March 29, 1990, the trial court filed its articulation as ordered, which permits us to proceed and dispose of this appeal.[3] Thereafter, the defendant filed her "Motion . . . for Permission to Submit a Supplemental Memorandum of Law and For Post-Articulation Further Argument," which we denied.

On appeal, the defendant, Hana Rostain, claimed that the trial court had erred in finding as a fact that: (1) the plaintiff purchased his residential condominium and

[1] During oral argument, the defendant's counsel abandoned one of her claims of error. That claim challenged the propriety of the ruling denying the defendant's motion to open and vacate the judgment and for reargument, which ruling was made by a Superior Court judge other than the judge who actually heard and decided the case where the latter was ill and absent from the bench for some time. See *Rostain* v. *Rostain,* 213 Conn. 686, 688 n.3, 569 A.2d 1126 (1990).

[2] Reference should be made to our earlier opinion in this case where we set out the specific questions directed to the trial court to be articulated and where we fully discussed the background of this case and the claims of the parties going to the matter to be articulated.

[3] Despite the defendant's claim to the contrary, a permissible view of the record supports the trial court's articulation, as well as other factual determinations in this matter. As we noted in our earlier opinion, the trial of this case occupied approximately five days, during which both parties testified. *Rostain* v. *Rostain,* 213 Conn. 686, 687–88, 569 A.2d 1126 (1990). It is apparent from the transcript and the court's memorandum of decision that the trial court was called upon to resolve conflicts in the evidence at the trial.

boat dock in Stamford "solely" with funds inherited from his father;[4] (2) neither party was responsible for the breakdown of the marriage; and (3) all of the noninherited assets were totally or substantially purchased by the plaintiff from his own funds. She also claimed that the trial court's orders concerning the division of personal property were clearly erroneous as there was no evidence that such property in fact existed or that it was in her possession. Finally, the defendant contended that the trial court erred in not awarding her periodic alimony and that the failure to do so was contrary to General Statutes § 46b-82 and was an abuse of discretion. Every one of these claims of error was fully briefed and argued before this court on November 9, 1989. We find no error.

As we have repeatedly noted, "trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant." *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 262, 413 A.2d 854 (1979); *Darak* v. *Darak,* 210 Conn. 462, 475, 556 A.2d 145 (1989); *Hardisty* v. *Hardisty,* 183 Conn. 253, 260, 439 A.2d 307 (1981). "We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached"; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222, 435 A.2d 24 (1980); as "[t]he conclusions which we might reach, were we

---

[4] Our remand in this case focused on this claim of error. In its articulation on remand, the trial court answered our first question by stating that "the [Stamford] condominium and dock were purchased [by the plaintiff] with inherited funds." It also stated that "the funds for [this] were not funds 'accumulated during the marriage' as claimed by the defendant."

We had also asked the trial court to state "what effect, if any, its answer to the first question [had] on the overall disposition of the real and personal property of the parties as set out in its memorandum of decision." Its articulation stated: "[I]t has no effect."

sitting as the trial court, are irrelevant." *Carpenter* v. *Carpenter,* 188 Conn. 736, 741, 453 A.2d 1151 (1982); *Koizim* v. *Koizim,* 181 Conn. 492, 498, 435 A.2d 1030 (1980). Moreover, we have specifically said that "[w]ith respect to the financial awards in a dissolution action, great weight is to be given to the judgment of the trial court because of its opportunity to observe the parties and the evidence." *Venuti* v. *Venuti,* 185 Conn. 156, 161, 440 A.2d 878 (1981); *Anderson* v. *Anderson,* 191 Conn. 46, 57, 463 A.2d 578 (1983). "The scope of our review 'of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the [trial] court correctly applied the law and could reasonably have concluded as it did.' " *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984). "It is the sole province of the trial court to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." *Smith* v. *Smith,* 185 Conn. 491, 493, 441 A.2d 140 (1981). We do not retry the facts. *Leo* v. *Leo,* supra; *Carpenter* v. *Carpenter,* supra, 741–42. In deciding whether the trial court could reasonably conclude as it did on the basis of evidence before it, every reasonable presumption should be indulged in favor of the correctness of its action. See *Gallo* v. *Gallo,* 184 Conn. 36, 44, 440 A.2d 782 (1981).

The defendant's attack on the factual findings of the trial court and her claims in that regard are without merit. A careful examination of the record, including the trial transcripts, discloses that there is evidence which, if deemed credible, supports the challenged findings of fact to which the trial court correctly applied the pertinent law. Its twelve page memorandum of decision thoroughly and reasonably analyzes the issues. Specifically, the issue of which party, if either, was the cause of the breakdown of the marriage was a question of fact for the trier, whose finding we will not dis-

turb on the record before us. It is apparent that the trial court was presented with issues of credibility during the trial.

In addition, we perceive no error as claimed in the failure to award the defendant periodic alimony or in the division of property. The trial court's memorandum of decision traces at length the course of the relationship of the parties including their familial, financial and employment history over the years, prior to entering its financial orders. The financial evidence, including the affidavits and other evidence, indicated that the trial court in this matter was determining a distribution of net assets involving approximately two million dollars. The trial court specifically stated that it had considered "the applicable case law and the provisions of [General Statutes] sections 46b-81 and 46b-82" in entering its orders. "The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage." *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 585, 362 A.2d 835 (1975); *Robinson* v. *Robinson,* 187 Conn. 70, 72, 444 A.2d 234 (1982). In doing so in this case, the trial court did not commit error as claimed.

There is no error.

In this opinion the other justices concurred.