## NANCY MACKER v. HAROLD J. MACKER, JR.
## (8754)

DUPONT, C. J., O'CONNELL and HEIMAN, Js.

Argued January 7—decision released January 29, 1991

*James B. McCarthy,* for the appellant (plaintiff).

*Geraldine Ficarra,* for the minor child.

PER CURIAM. In this appeal from the judgment dissolving her marriage to the defendant, the plaintiff challenges the orders of the trial court concerning custody of the couple's minor child, visitation rights, and the distribution of the marital assets. We affirm the trial court's judgment.

The plaintiff and the defendant were married in 1968 and have three children, only one of whom is presently a minor. In 1988, the plaintiff instituted this action and a guardian ad litem was appointed for her. A trial was held at which both parties and the minor child were represented by counsel. The trial court heard testimony from both parties, the family relations officer, the child's psychotherapist, the plaintiff's psychiatrist, and the plaintiff's sister, who was serving as the plaintiff's guardian ad litem. On the basis of the evidence, the trial court awarded sole custody of the minor child to the defendant with specific rights of visitation to the plaintiff. The court also awarded exclusive use of the marital residence to the custodial parent until the minor child reaches the age of majority, and also made other financial orders.

The trial court is vested with broad discretion in family matters and is in the best position to evaluate the demeanor of witnesses and weigh and interpret the evidence. *Caristia* v. *Caristia,* 22 Conn. App. 392, 395, 577 A.2d 1096 (1990). There is "no presumption in favor of the mother or the father as custodial parent . . . ." *Hurtado* v. *Hurtado,* 14 Conn. App. 296, 301, 541 A.2d 873 (1988). The court must be guided by the best interests of the child. General Statutes § 46b-56 (b); *Yontef* v. *Yontef,* 185 Conn. 275, 282, 440 A.2d 899 (1981); see *Cabrera* v. *Cabrera,* 23 Conn. App. 330, 344, 580 A.2d 1227 (1990).

The plaintiff contends that she is entitled to joint custody, more extensive visitation, and possession of the marital home, but has failed to demonstrate that the court abused its discretion. Upon careful examination of the briefs, the record and the trial transcript, we conclude that the court correctly applied the law and could reasonably conclude as it did. See *Rostain* v. *Rostain,* 214 Conn. 713, 716, 573 A.2d 710 (1990); *Timm* v. *Timm,* 195 Conn. 202, 210, 487 A.2d 191 (1985).

The judgment is affirmed.