CATHY POLOMSKI *v.* RONALD POLOMSKI
(9303)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued February 15—decision released April 23, 1991

*William E. McCoy,* for the appellant (plaintiff).
*Sheila S. Horvitz,* for the appellee (defendant).

PER CURIAM. On appeal from the judgment dissolving the parties' marriage, the plaintiff claims that the trial court failed to give proper weight to the testimony of her expert witness regarding the value of the mari-

tal residence and that the trial court abused its discretion in distributing the marital assets. We affirm the judgment of the trial court.

Appellate review of financial orders following a judgment of dissolution is limited. Our role is to determine whether the court correctly applied the law and could reasonably have concluded as it did. *Rostain* v. *Rostain,* 214 Conn. 713, 716, 573 A.2d 710 (1990); *Caristia* v. *Caristia,* 22 Conn. App. 392, 395, 577 A.2d 1096 (1990). We will not reject the trial court's factual findings because we disagree with its conclusions or may have found differently had we been sitting as the finder of fact. *Bonelli* v. *Bonelli,* 22 Conn. App. 248, 251–52, 576 A.2d 587 (1990).

In appraising property, the trier of fact makes an independent determination of value in light of all of the circumstances of the case and the evidence presented. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980); *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262 (1972). As the trier of fact, the court may accept or reject the testimony of an expert witness in whole or in part; *Smith* v. *Smith,* 183 Conn. 121, 123, 438 A.2d 832 (1981); and its decision is accorded great deference. *Breen* v. *Breen,* 18 Conn. App. 166, 174, 557 A.2d 140 (1989). Ultimately, the determination of the value of real estate rests on the considered judgment of the trial court which takes into account the different opinions expressed by the witnesses. *Moss* v. *New Haven Redevelopment Agency,* 146 Conn. 421, 425, 151 A.2d 693 (1959).

Upon careful examination of the parties' briefs, the record, and the trial transcript, we conclude that the court acted within its discretion.

The judgment is affirmed.