PAUL SONTZ *v.* JANET SONTZ
(9472)

O'CONNELL, NORCOTT and FOTI, Js.

Argued June 3—decision released July 16, 1991

*Neil R. Marcus,* with whom, on the brief, was *Thomas S. Hyman,* for the appellant (plaintiff).

*Helen Allen,* with whom, on the brief, was *Joseph DeLucia,* for the appellee (defendant).

PER CURIAM. In this appeal from the judgment dissolving the parties' marriage, the plaintiff challenges the orders of the trial court relating to alimony, child

support and division of property. We affirm the judgment of the trial court.

The parties were married in New York on September 7, 1976. There are two minor children issue of the marriage. The plaintiff is a tenured teacher employed by the New York City board of education and earns at least $46,800 annually. The defendant is employed in a clerical position with a fuel oil company and earns $19,600 annually.

The trial court attributed the breakdown of the marriage directly to the actions and conduct of the plaintiff. The trial court ordered that the plaintiff pay alimony of $100 a week and child support of $125 a week per child. The court awarded to the defendant sole custody of the children, as well as the marital home, a joint mutual fund, and the net proceeds from the sale of an investment property. In total, the equity in these assets was valued at approximately $66,000 by the trial court. The trial court awarded the plaintiff his pension fund and his deferred compensation plan fund valued together at approximately $68,000.

The trial court is vested with broad discretion in family matters and is in the best position to evaluate the demeanor of witnesses and to interpret the evidence. *Caristia* v. *Caristia,* 22 Conn. App. 392, 395, 577 A.2d 1096 (1990).

The plaintiff contends that the trial court abused its discretion in making the financial orders and property distribution, and, further, that it exhibited a prejudicial attitude toward the plaintiff. We have carefully examined the briefs, record and trial transcript, and conclude that the court correctly applied the law, did not abuse its discretion, and exhibited no bias or prejudice toward the plaintiff.

The judgment is affirmed.