[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Bridgeport on September 2, 1967. There were two children issue of the marriage. Both have reached their majority. The daughter is living at home and will be married on July 11 of this year. The son is attending the University of Rhode Island and will graduate in December 1993.
The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
The defendant was happy in the marriage. However, the plaintiff was not. Early in it he had an affair. The defendant learned of it. Things apparently straightened out when the plaintiff promised he would never do it again. Then in 1990 he got involved with his secretary. The defendant found out about it, called the woman but got nowhere with her. The defendant wanted to save the marriage and asked the plaintiff to go to counselling. He agreed and went with her but did not participate in the meetings did had nothing really to do with the effort. He told the defendant he did not love her. On January 18, 1991 in the morning he came down the stairs in their house, kissed the defendant goodbye, and told her he would see her later. She did not hear from him and then found a note left by him in the drawer of her dresser saying in effect he was leaving. That same day he moved in with his former secretary in her condominium on Melba Street in Milford.
The plaintiff walked out of the marriage. The defendant did not do anything to cause him to do so. He was the sole cause of the breakup of the marriage.
The plaintiff did not offer to the court any claims for relief while the defendant filed a detailed set of claims. The plaintiff CT Page 1510 did not object to these claims or argue to the court that they were exorbitant or point out that he did not have the financial ability to comply with them. The court therefore adopts the defendant's claims and orders as follows:
The plaintiff shall forthwith transfer to the defendant his interest in the marital home on Walnut Tree Hill Road in Shelton and the defendant shall hold the plaintiff harmless on the mortgage presently on the premises.
The plaintiff shall divide his interest in his pension plan with the defendant in accord with Caristia v. Caristia, 22 Conn. App. 392
and shall forthwith execute any documents necessary to effectuate this order.
The plaintiff shall pay to the defendant the sum of $9000 for reimbursement for the automobile he purchased using the parties' equity line which the defendant is currently paying off.
The plaintiff shall pay the defendant as lump sum alimony the sum of $25,000 from the proceeds he will receive from the estate of his mother.
The plaintiff shall pay the defendant the sum of $300 per week as alimony for a period of ten years and the sum of $150 per week for a further period of ten years. Such sum shall be terminated on the defendant's death or her remarriage.
The plaintiff shall maintain the defendant on his health insurance policy for a period of one year of until she secures her own health insurance whichever period is less.
Each party shall be responsible for his or he own debts as listed on their latest Financial Affidavits.
The plaintiff shall contribute $4500 to the fees of the defendant's attorney.
The plaintiff shall maintain a life insurance policy on his life in the amount of $100,000 naming the defendant as sole beneficiary and shall provide proof of the same on an annual basis.
The defendant shall allow the plaintiff to remove from the marital home his computer and his mother's belongings.
Thomas J. O'Sullivan, Trial Referee CT Page 1511