## BEVERLY M. GRIMMEISEN *v.* ERWIN PAUL GRIMMEISEN
### (12703)

O'CONNELL, LANDAU and SPEAR, Js.

Argued February 10—decision released April 18, 1995

*C. Ian McLachlan,* with whom, on the brief, were *William H. Narwold* and *George B. Wilkinson III,* for the appellant (plaintiff).

*Arnold H. Klau,* with whom, on the brief, was *Donald J. Cantor,* for the appellee (defendant).

PER CURIAM. This is the plaintiff's appeal from the judgment dissolving the parties' twenty-four year marriage. The plaintiff claims that the trial court improperly (1) excluded assets before making a property division, (2) made its alimony award nonmodifiable as to term, (3) failed to award counsel fees, and (4) made findings of fact not supported by the evidence.

We affirm the trial court's judgment with one exception. The defendant concedes that the plaintiff is correct that the trial court miscalculated the total amount that the defendant paid for his chiropractic practice and that he owes the plaintiff $4100.

Every reasonable presumption must be given to support the correctness of the trial court's judgment. *Brash* v. *Brash,* 20 Conn. App. 609, 613–14, 569 A.2d

44 (1990). Decision making in family matters requires flexible, individualized adjudication of the particular facts of each case. *Yontef* v. *Yontef*, 185 Conn. 275, 278, 440 A.2d 899 (1981). It is well established that trial courts have a distinct advantage over appellate courts in dealing with domestic relations where all of the surrounding circumstances and the appearance and attitude of the parties are so significant. *Weinstein* v. *Weinstein*, 18 Conn. App. 622, 625, 561 A.2d 443 (1989).

In family cases, a trial court is vested with broad discretion. *Sontz* v. *Sontz*, 25 Conn. App. 810, 811, 593 A.2d 523 (1991). Appellate review of the exercise of that discretion is limited to determining (1) whether the trial court correctly applied the law and (2) whether the trial court could reasonably have concluded as it did. *Duve* v. *Duve*, 25 Conn. App. 262, 266, 594 A.2d 473, cert. denied, 220 Conn. 911, 597 A.2d 332 (1991), cert. denied, 502 U.S. 1114, 112 S. Ct. 1224, 117 L. Ed. 2d 460 (1992). This court may not substitute its own opinion for the factual findings of the trial court. *Hill* v. *Hill*, 35 Conn. App. 160, 166, 644 A.2d 951, cert. denied, 231 Conn. 914, 648 A.2d 153 (1994).

We conclude that the trial court properly applied the law. Therefore, we turn to the ultimate question of whether the trial court could have concluded as it did. *Dubicki* v. *Dubicki*, 186 Conn. 709, 713, 443 A.2d 1268 (1982). Examination of the record and appellate briefs, and consideration of the parties' oral arguments do not persuade us, with the exception previously noted, that the trial court abused its discretion. We conclude that the trial court could reasonably have decided as it did.

The judgment is reversed only to the extent that the defendant is ordered to pay $4100 to the plaintiff in accordance with the conceded miscalculation.