### IRENE IRELAND *v.* JAMES F. IRELAND
### (AC 15729)

Schaller, Spear and Hennessy, Js.

Argued February 25—officially released June 10, 1997

*Geraldine Battistoli*, for the appellant (plaintiff).

*Kathleen A. Hogan*, with whom, on the brief, was *Sarah S. Oldham*, for the appellee (defendant).

### Opinion

HENNESSY, J. In this dissolution action, the plaintiff, Irene Ireland, appeals from the judgment of the trial court denying her motion for permission to relocate her minor son[1] to California and granting the motion of the defendant, James Ireland, to enjoin and restrain the relocation. The plaintiff claims that the trial court improperly (1) required her to bear the burden of proof on the defendant's motion, (2) established criteria on determining the best interests of the child in relocation cases and prohibited her from offering evidence or questioning witnesses addressed to the criteria, (3) refused

---

[1] At the time of trial, the child was seven years old.

to allow her to examine the child's attorney on a report that he submitted to the court and (4) failed to consider her evidence. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The parties' marriage was dissolved on January 30, 1990. Pursuant to the agreement of the parties that was incorporated into the dissolution decree, the court awarded joint custody of their minor son to the parties, with primary physical custody to the plaintiff. From September, 1989, until August, 1995, the order allowed the defendant to visit his son every other weekend. At the time of the dissolution, the plaintiff resided in Connecticut, and the defendant resided in Massachusetts. In 1993, the defendant remarried and settled with his wife in Fairfield county.

The plaintiff commenced a relationship with Steven Zakar in 1992 and married him in November, 1995. Zakar is a computer consultant whose major consulting contract concluded in April, 1995. He undertook a search for additional work and secured a position in Sacramento, California. In July, 1995, the plaintiff informed the defendant of her plan to join Zakar in California with their son. In reaction to this news, the defendant obtained a temporary injunction that enjoined the plaintiff from leaving the state with the minor child and transferring temporary physical custody of the child to the defendant pending a further hearing.

At the three day trial commencing January 30, 1996, the trial court heard evidence and argument on the defendant's motion to enjoin and restrain and the plaintiff's motion for permission to relocate with their son. After analyzing the evidence under the best interests of the child standard, the trial court denied the plaintiff's motion and granted the defendant's motion. The plaintiff appeals from that judgment.

## I

The plaintiff first claims that she was improperly required to bear the burden of proof of establishing that the move was in the child's best interest. The plaintiff asserts that the trial court removed the defendant's burden of proof, required for his motion to enjoin, and placed the burden solely on her. Because she had been awarded primary physical custody in the divorce decree, the plaintiff maintains that the defendant must bear the burden of proving the benefits of a change from the original order.

It is well established that the burden of proving that a modification of custody is in the best interests of the child rests with the party seeking a modification. See *Cookson* v. *Cookson*, 201 Conn. 229, 233–41, 514 A.2d 323 (1986). In the present case, neither party moved for a modification of the custody orders. The plaintiff requested permission to relocate the minor child to California and the defendant moved for an injunction to prevent the relocation. Because neither party requested a modification, the trial court exercised its discretion to manage the hearing and required the plaintiff to bear the burden of proof that the move was in the child's best interest. We conclude that the trial court's action was not an abuse of discretion.

## II

The plaintiff next claims that the trial court improperly established criteria in determining the best interests of the child in relocation cases and prevented her from submitting evidence or questioning witnesses addressing the history of the child's relationship with the defendant, one of the court's criteria. We disagree.

"We are limited in our review to determining whether the trial court abused its broad discretion to [decide relocation cases] based upon the best interests of the

child as reasonably supported by the evidence. See Practice Book § 4061; *Dubicki* v. *Dubicki*, 186 Conn. 709, 717, 443 A.2d 1268 (1982); *Hall* v. *Hall*, 186 Conn. 118, 123–24, 439 A.2d 447 (1982); *Seymour* v. *Seymour*, [180 Conn. 705, 709, 433 A.2d 1005 (1980)]." *Weinstein* v. *Weinstein*, 18 Conn. App. 622, 625, 561 A.2d 443 (1989). "[G]reat weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness." *Askinazi* v. *Askinazi*, 34 Conn. App. 328, 340, 641 A.2d 413 (1994).

In its memorandum of decision, the trial court set forth the factors it considered in determining the best interests of the child: "[W]hat was contemplated by the parties and the court at the time the original orders were entered, the impact the relocation will have on the minor child, the history of the nonrelocating parent and the child's relationship, the history of the relocating parent and the child's relationship, the input from the attorney for the minor child, the family relations report and the reasons offered by the relocating parent for the move."

The criteria for determining the best interests of a child in relocation cases have not been established in this state. Several other jurisdictions, however, have adopted the criteria set forth in *D'Onofrio* v. *D'Onofrio*, 144 N.J. Super. 200, 365 A.2d 27, aff'd, 144 N.J. Super. 352, 365 A.2d 716 (App. Div. 1976).[2] In *D'Onofrio*, the court articulated the following criteria in deciding whether the custodial parent should be permitted to remove the child to another jurisdiction: (1) advantages of the move in terms of its likely capacity to improve the general quality of life for the custodial parent and child; (2) motivation or good faith of the custodial par-

[2] The states that have adopted the *D'Onofrio* factors are Arkansas, Florida, Massachusetts, Michigan, Nevada, North Carolina, South Dakota, Tennessee, Vermont and Wyoming.

ent in desiring relocation, specifically, if interference in noncustodial parent's visitation or relationship is a factor in the move; (3) likelihood of custodial parent to comply with visitation orders necessitated by relocation; (4) good faith or motivation of noncustodial parent in resisting relocation; and (5) whether, if relocation is allowed, there is a realistic opportunity for a visitation schedule that will provide an adequate basis for preserving and fostering the parental relationship with the noncustodial parent. Id., 206.

In this case, the trial court was presented with a wealth of information that, although contradictory in some respects, addressed the relevant factors concerning the determination of the best interests of the child when the custodial parent is contemplating a relocation. As in other areas of domestic relations, the trial court is not obligated to make express findings on all of the criteria it has considered in determining the best interests of the child.[3] See *Weiman* v. *Weiman*, 188 Conn. 232, 234, 449 A.2d 151 (1982). To conclude that the trial court abused its discretion in such matters, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. Id., 234–35. The standard used in deciding whether to allow the custodial parent to relocate the minor child is that of the best interests of the child. The trial court correctly applied this standard by employing criteria relevant to that issue. As noted, the criteria that are appropriate for that determination have not previously been clearly set forth in our statutes or case law. We conclude that the criteria set forth in *D'Onofrio* encompass the factors relevant to the relocation issue. Accordingly, we exercise our supervisory authority to provide guidance in this area of the law and endorse the *D'Onofrio* criteria

---

[3] We note that although the trial court did not expressly articulate the *D'Onofrio* factors as a basis for its decision, it was presented with evidence that addressed all of these factors.

for use in future postjudgment relocation cases. See *State* v. *Piorkowski*, 37 Conn. App. 252, 265, 656 A.2d 1046 (1995); *O'Bymachow* v. *O'Bymachow*, 10 Conn. App. 76, 78, 521 A.2d 599 (1987). In this case, we conclude that the trial court essentially considered those criteria.

We now turn to the plaintiff's claim that the trial court abused its discretion in excluding certain evidence and limiting questioning regarding the nature of the defendant's relationship with his son. The following relevant facts are necessary for the resolution of this issue. At trial, the plaintiff attempted to admit a letter from Christine Hartley, the defendant's former girlfriend, that had been submitted to the family relations officer. The trial court excluded the letter as inadmissible hearsay. The plaintiff then attempted to question the family relations officer regarding Hartley's letter because it was part of his file. When the trial court disallowed the questioning, the plaintiff offered to call Hartley as a witness. The plaintiff claimed that Hartley would testify to the defendant's relationship with his son within the past two years. The trial court disallowed Hartley's testimony stating, "I am not going to retry the earlier dissolution . . . . I don't think it's probative; I don't think it's relevant to accept testimony as to whether or not he is a nice guy from an ex-girlfriend whoever she may be . . . ." The trial court also later refused to admit a document from the family relations officer's file, a child custody sheet filled out by the plaintiff, and it prohibited the plaintiff from questioning the officer on this document.

It is well established that "[t]he trial court has broad discretion in ruling on the admissibility [and relevancy] of evidence." *State* v. *Miller*, 202 Conn. 463, 482, 522 A.2d 249 (1987). Here, the trial court acted within its discretion to exclude questioning and testimony about a letter from a former girlfriend, which contained out-

dated allegations and apparently was solicited for purposes of trial. It also properly excluded the child custody sheet and restricted examination of the officer regarding this document because it contained the plaintiff's unsubstantiated allegations against the defendant and his character. We conclude that the trial court did not abuse its discretion.

### III

The plaintiff next claims that the trial court improperly refused to allow Terrance Milardo, attorney for the child, to be called as a witness. We disagree.

The following additional facts are necessary for the resolution of this issue. Prior to trial, on November 6, 1995, Milardo submitted a report to the trial court recommending that the child's best interest would be served by preserving the status quo and remaining in Connecticut. The plaintiff attempted to call Milardo as a witness to question him about the report. The trial court ruled that the attorney could not be questioned.

We find no support for the plaintiff's position that an attorney for the child is subject to examination if he submits a written report to the court.[4] The trial court properly prohibited the plaintiff from calling Milardo as a witness.

### IV

In the plaintiff's last claim, she argues that the trial court failed to consider her evidence concerning the best interests of the child. Specifically, she asserts that

---

[4] In 1982, the Connecticut Bar Association, Family Law Section, issued guidelines on the role of counsel for children in civil placement cases. These guidelines stated that "[c]ounsel should not be a witness at trial, either through testimony or by the submission of a report." The plaintiff, however, did not object to the counsel's submission of the report to the trial court, therefore, we do not address the propriety of the counsel's action in filing the report.

the court failed to consider that the original dissolution orders and the contemplation of the parties at that time were not based on an assumption that the minor child would remain in the court's jurisdiction. She also argues that the court discounted her evidence of the economic, educational, recreational and cultural benefits of the move for their son.

Because it is the trial court's function to weigh the evidence and to determine credibility, we give great deference to its findings. *Rostain* v. *Rostain*, 214 Conn. 713, 716, 573 A.2d 710 (1990). Our review of the record discloses no basis for finding that the trial court abused its discretion in weighing the evidence to determine the best interests of the parties' child. In evaluating the original dissolution orders and what the parties contemplated at that time, the trial court had before it information that, at that time, the plaintiff was residing in Westbrook and the defendant was residing in sufficient proximity to have visitation on alternate weekends. In interpreting the original intention of the parties, the trial court chose to give greater weight to this information than to the plaintiff's contention that, at the time of the dissolution order, she believed that she could move anywhere with her son without consulting with the defendant. Furthermore, there is no support in the record that the trial court failed to consider the benefits of the move for the child. The court simply gave greater weight to the benefits of remaining in the state than to the plaintiff's claimed benefits of moving. We conclude that the trial court's finding on the best interests of the child was supported by the evidence and did not constitute an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.