[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'SMOTION FOR MODIFICATION (DOCKET ENTRY NO. 128)
CT Page 12124
The plaintiff and the defendant are the parents of a minor child, Lauren Angelica Zimmerman, now two years old. This was an action originally brought by the plaintiff to establish his rights of visitation. By agreement dated December 19, 1996, the parties agreed that they would have joint legal custody of Lauren, physical custody with the defendant and rights of enumerated visitation in the plaintiff.
Though there have been some bumps in the road concerning visitation, this has fairly been the status quo until the defendant filed her motion to modify in September, 1997. The defendant essentially seeks to modify the parties' agreement by allowing her to relocate with Lauren to states other than Connecticut. In brief, the defendant, who has completed veterinary school, wishes to relocate to Indiana to prepare for and take examinations necessary for her to become licensed as a Doctor of Veterinary Medicine. After passage of the licensing examination, it is the defendant's intention to again relocate, with Lauren, to Florida to live and build a practice.
The rub in this arrangement involves the plaintiff, Lauren's father. He is domiciled in Connecticut and works at a small, family business. He has also developed very close bonds with Lauren. The defendant's relocation to Indiana, then to Florida, would make it difficult, if not impossible, for the plaintiff to continue his close relationship with Lauren.
The court held a full evidentiary hearing on November 7, 1997, which the parties and counsel for Lauren attended. The court has carefully considered the evidence and the criteria for determining the best interest of the child in such a relocation case as set forth in Ireland v. Ireland, 45 Conn. App. 423
(1997), cert. granted (1997). In so doing, this court concludes that the defendant should not be allowed to relocate with Lauren to Indiana and then to Florida. Accordingly, the defendant's motion to modify is denied.
So ordered.
KAVANEWSKY, J. CT Page 12125