[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff father, by motion dated January 28, 1998, has moved the Court to modify the custody and child support to reflect a substantial change in circumstances in reference to the minor children. There are two minor children issue of the marriage: Christopher, age 13, and David, age 9. Pursuant to an agreement between the parties, physical custody of Christopher is with the plaintiff father. Christopher has been living with his father since prior to Christmas of 1997. Pursuant to the initial judgment of the Court dated June 24, 1992, joint custody was awarded to the parties with physical custody granted to the CT Page 12489 defendant mother with rights of reasonable and liberal visitation to the plaintiff father. Also, pursuant to the parties' agreement, the plaintiff father was to pay the sum of $100 per week per child as child support for the two minor children. This order was subsequently modified by the Court since the plaintiff father had been awarded physical custody of Christopher. The child support for Christopher was reduced from $100 per week to $25 per week in that the defendant mother had extensive visitation with Christopher.
Plaintiff father now seeks physical custody of David. The evidence is clear that David is not a problem in school, and that the mother actively participates in all of the school programs. Father claims that when David comes for visitation, he is dirty with sores, and also that the mother in the past has attempted to frustrate visitation. Judith Qualey, David's third grade teacher (September, 1997 to June, 1998), testified that David was a good student and made substantial progress in the third grade. He was alert and his personal appearance was deemed average. Mother participated and cooperated fully in the educational process and gave the requisite attention to all of David's school needs. Kelly Shea-Gallagher, David's fourth grade teacher at Hawley School in Newtown, testified that David's strength lie in math, and that he is doing as well as last year. The testimony seems to bear out that the father is probably a stronger disciplinarian and adheres more closely to the enforcement of rules when he has visitation with David. Mother appears to be a concerned and thoughtful person. She has had a history of acute and severe depression. She has been placed on medication and is using the medication on a regular basis. She sees her psychiatrist once every two weeks for therapy and adjustment of medication if required. The father offered testimony of one Adelard Liguri of Danbury, who is his friend and who testified that he observed both boys on the highway without jackets in 1996. Mr. Liguri works for Mr. Lewis and he did testify that he never complained about this to the mother or to the authorities. Kathy Stutler, who has been living with the father since March of 1998, knows both children, and testified that the father would do an excellent job with David if he was to obtain physical custody.
Although the Court, in most instances, would like to see brothers together when assessing custody, it appears that both David and Christopher have different temperaments. There is some history of aggression between David and Christopher that will probably make it difficult for them to live together with one CT Page 12490 parent on a constant basis. Both parents are extremely concerned for the welfare of both of their sons. Despite the fact that the mother has a history of serious depression, she seems to have overcome any of the difficulties she was encountering mainly because she is using the appropriate medicine and is being monitored on a constant basis.
The father, who seeks modification of custody, has the burden of proving that modification of custody is in the child's best interest. Ireland v. Ireland, 45 Conn. App. 423, cert. granted,243 Conn. 905 (1997); Cookson v. Cookson, 201 Conn. 229, 233-41
(1986). In the present case, the father has not met his burden.
Owens, J.