[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS/ISSUES
The marriage of the parties was dissolved by decree of this Court (Coppeto, J.) dated January 12, 2000. The Court retained jurisdiction as to any issues regarding the real property. This matter comes before the Court by way of the Plaintiff's Motion for Order, post-judgment, dated February 22, 2000. The parties are joint owners of the real estate CT Page 6406 located at 14 Short Street, Seymour, Connecticut, which is the subject of this Motion. It was the Order of the Court that, inter alia, the real estate be appraised within thirty (30) days of the decree. In addition, if the appraised value of the property was found to exceed $76,000.00, the Plaintiff would be obligated to pay to the Defendant one-half the difference between the appraised value and $76,000.00, and he, in turn, would convey his interest to her by way of a Quit Claim Deed. If the value was found to be $76,000.00 or less, then the Defendant would quit-claim his interest to the Plaintiff without payment by her of any monies. Each party has obtained their own appraisal.
At a hearing on May 17, 2000, the Plaintiff presented evidence of value through an appraiser, Barry A. Olcha, who offered a written report. In short, he testified that the subject property was a single-family residence which had been converted from a two-family residence. He based his opinion of value on comparable sales of single-family structures. He further testified that to convert the property back to a two-family dwelling, in order to conform to the applicable zoning and building codes of the Town of Seymour, the owner would need to spend a minimum of $15,000.00. He was cross examined at some length on this issue and offered specific cost estimates for the various elements of a conversion. His opinion of present fair market value was $70,000.00. The Defendant presented evidence of value through the testimony of an appraiser, William E. Valentine, who also offered a written report. Likewise, Mr. Valentine based his opinion on comparable sales, but the examples used were existing two-family structures. The primary focus of his testimony was his opinion that the "highest and best use" for the property was its use as a two-family residence. He conceded that some expense would be required to effect a conversion, but his testimony was in more general terms. His opinion of present fair market value was $85,000.00. Neither party offered any direct evidence of any immediate plans for a conversion. The Defendant's chief concern appeared to be the possibility of a windfall should the Plaintiff go through with a conversion sometime in the future, after title was transferred to her. In addition, there was conflicting testimony as to whether or not the property was currently assessed as a single-family or a two-family structure.
The issue before the Court is to determine the fair market value of the property and the weight to be accorded the factor of "highest and best use."
 LAW
The determination of the fair market value of real property is within the sole province of the trial court in light of the evidence presented, and the court is free to accept or reject the testimony of an expert CT Page 6407 witness in whole or in part. Polomski v. Polomski, 24 Conn. App. 491, 492
(1991). In the case of an appeal from a condemnation award, the Connecticut Supreme Court defined the concept of "fair market value" as:
. . . the price that a willing buyer would pay a willing seller based on the highest and best possible use of the land assuming, of course, that a market exists for such optimum use. Robinson v. Westport, 222 Conn. 402, 405 (1992).
The Court went on to state at pages 405 and 406 of its opinion that the concept of "highest and best use" is used as a "starting point" by real estate appraisers in estimating value, however, the trial court in its determination, must consider whether there is "a reasonable probability
that in the reasonably near future the subject property" will be used for that purpose. (emphasis added). The owner's intent to put the property to another use is material to the issue of valuation. Saybrook Point MarinaPartnership v. Town of Old Saybrook, et al., 49 Conn. App. 106, 111
(1998) [intent to convert apartments to condominiums].
 FINDINGS
The Court makes the following findings:
 1. The "highest and best use" of the subject property as a two-family dwelling is one of several factors that a ready, willing, and able buyer would be likely to consider in negotiating an arms length purchase. The Court has attributed minimum weight to this factor in arriving at its opinion of value for this specific property.
 2. The cost of conversion of the premises to a two-family dwelling would be a minimum of $15,000.00 and is a factor that a ready, willing, and able buyer would be likely to consider in negotiating an arms length purchase of the subject property, and to which the Court has attributed greater weight.
 3. No evidence was introduced that either owner intended to convert the property to a two-family residence in the near future, nor was any evidence introduced that any permits or applications had been applied at the time of the hearing in order to implement such a conversion. Therefore, there is no reasonable probability that the subject property CT Page 6408 will be put to that use in the reasonably near future.
 4. The fair market value of the real property is $70,000.00.
 ORDER
The Court, having heard the testimony of the witnesses, and having considered the evidence presented, hereby enters the following orders:
 1. The Defendant shall, within two (2) weeks of the date of this Memorandum transfer all of his right, title, and interest in and to the premises known as 14 Short Street, Seymour, Connecticut, by means of a fully-executed Quit Claim Deed to the Plaintiff, together with all appropriate Conveyance Tax Forms. In default thereof, effective fifteen (15) days following the date of this Memorandum, the Court hereby transfers title thereto pursuant to Section 46b-66a C.G.S., and the Plaintiff may record a copy of this order in the Land Records of the Town of Seymour in lieu of said deed.
 2. Each party shall be responsible for the payment of the cost of their respective appraisals and the testimony of their own witnesses.
THE COURT
 By _____________________ Shay, J.