[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR MODIFICATION (201)
The parties' marriage was dissolved by judgment rendered on February 3, 1982 at which time the plaintiff was ordered to pay to the defendant one dollar per year as alimony. At the time the plaintiff was employed as a policeman by the City of Stamford and the defendant was employed by Singer Co. Presently the defendant is receiving social security disability in the amount of $215 weekly. The award was made in 1994. The plaintiff is now receiving a weekly pension of $572 gross and $526 net after taxes, having been awarded a disability pension. He also is working part-time in a grocery store earning $205 net weekly. CT Page 6804
The defendant has qualified for her disability income upon determination by the Social Security that she is unable to perform any meaningful work. The court finds this to be a substantial change in her circumstances, Sec. 46b-86 (a). The plaintiff cites Hardisty v.Hardisty, 183 Conn. 253, 259 that ". . . the same criteria that determine an initial award of alimony and support are relevant to the question of modification." The length of the marriage and the cause or causes of its breakdown remain the same. The parties' ages have advanced at the same pace and they are each nineteen years older. The court has taken into account all of the evidence presented regarding the statutory criteria relevant to an award of alimony and need not make distinct, special findings about each of these criteria, Id, p. 261. The plaintiff's reliance on Rostain v. Rostain, 214 Conn. 713, 717 is misplaced since that trial court traced ". . . at length the course of the relationship of the parties including their familial, financial and employment history over the years, prior to entering its financial orders" including the denial of periodic alimony. In that case the court was determining the distribution of net assets of two million dollars. The relationship of the parties in this case was terminated upon the judgment of dissolution being entered. The court draws no inference or conclusion from the fact that the defendant waited several years before moving for modification.
The motion of the defendant is granted and the plaintiff is ordered to pay to the defendant the sum of $100 weekly as periodic alimony until the death of either party, the remarriage of the defendant or future court order. A wage withholding order is entered pursuant to statute and if the parties do not waive the immediate wage withholding the plaintiff may move for a hearing thereon. First payment shall be made on June 8th and on each succeeding Friday.
HARRIGAN, J.T.R.