ISIS A. BARTELS *v.* DONALD R. BARTELS
(AC 24821)

Bishop, West and DiPentima, Js.

Submitted on briefs September 16—officially released November 2, 2004

Where the parties cite no law and provide no analysis of their claims, we do not review such claims.").

*Reuben S. Midler* filed a brief for the appellant (defendant).

*Richard L. Albrecht* and *Barbara M. Schellenberg* filed a brief for the appellee (plaintiff).

*Opinion*

BISHOP, J. This matter involves the dissolution of a thirty-seven year marriage. The defendant, Donald R. Bartels, appeals from the judgment of dissolution, claiming that the trial court abused its discretion in its financial and property awards by failing to consider and to decide explicitly the issue of alimony, and by failing to order the plaintiff, Isis A. Bartels, to pay alimony to the defendant. We affirm the judgment of the trial court.

Before reaching the defendant's claims on appeal, we address the applicable standard of review. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Jewett* v. *Jewett*, 265 Conn. 669, 681, 830 A.2d 193 (2003).

The defendant first claims that the court failed to decide the issue of alimony in violation of Practice Book § 64-1 (a).[1] We disagree and conclude that the court expressly decided the issue of alimony.

---

[1] Practice Book § 64-1 (a) provides in relevant part that "[t]he court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial court shall create a memorandum of decision for use in the appeal by ordering a

In its memorandum of decision, the court stated that it "ha[d] considered carefully the criteria set forth in General Statutes §§ 46b-81 and 46b-82, as well as the applicable case law in reaching the decisions reflected in the orders that follow[ed] . . . ." Section 46b-82 provides in relevant part that "[a]t the time of entering the decree, the Superior Court *may* order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. . . ." (Emphasis added.)

Our conclusion is bolstered by the court's statements at the hearing on the various postjudgment motions. The court stated to the defendant's counsel in relevant part: "Just so that you know . . . the court considered the issue of alimony. It considered it very carefully in light of all of the other awards it made. In some of the awards that were made to your client, [they] were made specifically with the knowledge [of] the fact there was no alimony award, and . . . the court did not believe that alimony was appropriate to either party . . . ." The court also stated: "[The court] left out intentionally any order concerning alimony, and it did indicate that it did consider the criteria set forth in § 46b-82. Should at any point counsel wish an articulation, the court will be happy to do that for you. But I can tell you for the record that the issue of alimony was intentionally omitted; the property division awards made in this decision were based on the fact that there was no alimony, in part. And, in part, your client—just so that you know, received a larger share of some of the things than otherwise would have been the case."[2]

It is clear, therefore, that the court considered and decided the issue of alimony. In addition, the court was

transcript of the portion of the proceedings in which it stated its oral decision. The transcript of the decision shall be signed by the trial judge and filed in the trial court clerk's office. . . ."

[2] We note that the defendant never filed a motion for articulation.

not obligated to reference explicitly or to make express findings about the criteria that it considered in making its decision. See *Bornemann* v. *Bornemann*, 245 Conn. 508, 539, 752 A.2d 978 (1998).

We turn next to the defendant's claim that the court improperly failed to award him alimony. The defendant maintains that the property division was not fair and equitable because the court did not order the payment of alimony. He argues that the court, in effect, punished him by leaving him in a poor financial condition, and by allowing the plaintiff to maintain substantial income and earning potential. We disagree.

We again note that the scope of our review is whether the court's conclusions were correct on the law and reasonably reached on the evidence. See *Jewett* v. *Jewett*, supra, 265 Conn. 681. The court had the best opportunity to observe the parties, pass on the credibility of witnesses and weigh and interpret the evidence. See *Rostain* v. *Rostain*, 214 Conn. 713, 716, 573 A.2d 710 (1990). We will indulge every reasonable presumption that the court's action was correct. See *Jewett* v. *Jewett*, supra, 681.

The defendant declares that this is one of those rare cases, similar to *Simmons* v. *Simmons*, 244 Conn. 158, 708 A.2d 949 (1998), in which the trial court abused its discretion by failing to award alimony. In *Simmons*, our Supreme Court determined that alimony should be awarded in the situation of a "working spouse/student spouse . . . ." Id., 181. Those types of cases are characterized by a relatively short marriage in which a working spouse has made significant sacrifices during the time that the other spouse was earning an advanced degree, and one of the parties files an action for dissolution before the anticipated benefits of that degree are realized. Id., 163. This is not such a situation. The plaintiff graduated from medical school roughly twenty years

ago, and enough time has passed for there to be adequate assets for the court to distribute without having to order alimony as an expectancy interest.

In this case, the court stated that it had considered the provisions of §§ 46b-81 and 46b-82 in determining the appropriate property and support awards. The memorandum of decision discloses that the court questioned the defendant's credibility, expressly stating that "[t]he differing values which the defendant provided on mortgage applications and on his financial affidavit for the Hawaii property, $250,000 and $350,000 versus $10,000, respectively, and for the Borrego Springs, California, property, $1.5 million versus $350,000, respectively, were not satisfactorily explained. The defendant failed to provide credible evidence as to the fair market value of either. In addition, the explanations offered by the defendant for the values he placed on his handwritten mortgage application financial statement, for his attempted reproductions of [an individual's] signature and for the forged signature of the plaintiff, which appeared on the retainer letter for [the parties' attorney], were outrageous and adversely affected his credibility." In addition, the defendant was given a larger share of the net proceeds from the sale of two pieces of jointly held real estate. He was able to retain all of his retirement assets and obtained a share of the plaintiff's retirement assets for future support. The court specifically stated that those property awards were given to the defendant with the recognition that he was not being awarded alimony.

The court acted within the broad discretion it is given to resolve the deep seated and often emotionally charged issues inherent in most dissolution actions. See *Bonelli* v. *Bonelli*, 22 Conn. App. 248, 252, 576 A.2d 587, cert. denied, 216 Conn. 819, 581 A.2d 1054 (1990). Our review of the record discloses that the court's factual findings are supported by the evidence and that its

conclusions are in accordance with applicable law. We cannot and will not, absent a manifest abuse of discretion, intrude in that intricate process. See id.

The judgment is affirmed.

In this opinion the other judges concurred.